■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY CAPUTO, Appellant.— The sole question on this appeal relates to the discharge of a juror and substituting an alternate juror in accordance with section 358-a of the Code of Criminal Procedure. After the jury started deliberating, as to the guilt or innocence of the defendant, the court was informed that one of the jurors was ill and unable to continue deliberations. The jury returned to the courtroom and the court excused the juror and directed that an alternate juror be drawn. Counsel for the defendant objected on the ground that no proper foundation or sufficient cause was shown for excusing the juror. Thereupon the court directed the examination of the said juror by a doctor who reported that he was extremely nervous, mentally upset and prescribed tranquilizers, all of which appeared in the record. The jury eventually returned a verdict of guilty as to one indictment and guilty to one count of the second indictment and not guilty as to all other counts therein. Section 358-a of the Code of Criminal Procedure provides: "If after the final submission of the case and before the jury have agreed upon a verdict, a juror die or become ill, or for any other reason he be unable to perform his duty, the court may order him to be discharged and draw the name of an alternate". The procedure adopted by the court was unusual but there was no showing that the defendant was prejudiced or his rights in any wise jeopardized. There is no requirement under the section that the court have the advice of a doctor in deciding whether a juror should be discharged. The examination by the doctor was not made until the juror had been excused and it appears that such procedure on the part of the court was precautionary and advisory, possibly in anticipation of an appeal such as here considered. The court should, however, when exercising its discretion to excuse a juror and substitute an alternate, state unequivocally for the record the reason for such action and the basis for arriving at its decision, all of which, in the course of orderly procedure, should be made part of the order of discharge. The further contention as to the selection of the alternate juror is without merit, the section specifically providing after discharging the original juror "and draw the name of an alternate". In a supplemental brief in this court appellant suggests that the court might modify the sentence imposed by either reducing the sentence or suspending the execution of all or part thereof and cites several cases in support thereof, none of which are applicable here. The imposition of sentence is within the discretion and judgment of the sentencing court and an appellate court will not interfere with such discretion except under most extraordinary circumstances which do not here exist. Judgment affirmed. Coon, J. P., Herlihy, Reynolds and Taylor, JJ., concur.