THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR BURTON STROUD, Appellant.— MEMORANDUM BY THE COURT. Appeal from an order of the County Court of Chemung County, entered February 25, 1969, denying a *coram nobis* petition after a hearing. On a prior appeal this court reversed an order which denied defendant's motion for a hearing on the issue of voluntariness of certain statements, admissions and confessions introduced

against defendant upon his trial and remitted the case for a hearing. (*People v. Stroud*, 26 A D 2d 868, affd. 20 N Y 2d 915.) Defendant was convicted of the crimes of robbery in the second degree and grand larceny in the second degree following a trial by jury held in the County Court of Chemung County on June 12, 1956, and was thereafter sentenced as a fourth felony offender to a term of not less than 15 years nor more than life. On May 29, 1968 a *Huntley* hearing was held in the County Court of Chemung County to determine the voluntariness of the statements, admissions and confessions introduced against defendant upon his trial in 1956. . On February 6, 1969 the court determined that the statements, admissions and confessions of defendant were voluntarily made, and the voluntariness was established beyond a reasonable doubt. An order was thereafter on February 25, 1969 entered denying defendant's application for a writ of error *coram nobis*. Defendant now contends that his statements, admissions and confessions were neither freely nor voluntarily made, and that the People failed to establish voluntariness beyond a reasonable doubt. The basis of this contention is defendant's testimony that he was intoxicated at the time they were made to the extent that he recalled nothing concerning the making of the statements, admissions and confessions. " The general rule applicable to confessions obtained from persons under intoxication has been well stated to the effect that ' proof that the accused was intoxicated at the time he confessed his guilt of crime will not, without more, bar the reception of the confession in evidence. But if it is shown that the accused was intoxicated to the degree of mania, or of being unable to understand the meaning of his statements, then the confession is inadmissible.' (Ann.: Intoxication of Accused at Time of Confession, 69 ALR 2d 361.) " (*People* v. *Schompert*, 19 N Y 2d 300, 305.) Here, the only evidence of intoxication is defendant's own testimony as opposed to the testimony of the police officers, the District Attorney's secretary, and the victim of the robbery, all of whom testified that defendant was sober. Thus, the issue is that of the credibility of the witnesses which is a question of fact for the court. The court resolved this issue in favor of the People and we see no reason to disturb that finding. Order affirmed. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by the court.