■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HUMPHEY PEREZ, Appellant, v. JACK R. NEVIL, as Sheriff of the County of Otsego, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered October 30, 1974 in Otsego County, which sustained a writ of habeas corpus admitting appellant to bail and set bail at $100,000. This matter was previously before this court and remitted to Special Term to complete the record, make findings and set appropriate bail (45 A D 2d 445). On this appeal, it is argued that the amount of bail fixed is excessive. We agree and the amount of bail is reduced to the sum of $50,000 (CPL 530.30). Judgment modified, on the law and the facts, without costs, and amount of bail reduced to the sum of $50,000, and, as so modified, affirmed. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN ROBERT LE CLAIR, Appellant.— Appeal from a judgment of the County Court of St. Lawrence County, rendered June 4, 1974, convicting defendant, upon his plea of guilty, of an assault in the second degree and imposing an indeterminate sentence with a maximum of four years. The defendant had been indicted upon charges of robbery and assault in the first degree based upon allegations that, on January 26, 1974, he forcibly stole $50 from a female victim and in the course of the commission of the crime struck the said victim on the face and head with a broken bottle causing serious physical injury. On May 21, 1974 the defendant appeared before the court with his assigned counsel and upon the face of the record he voluntarily entered a plea of guilty to the crime of assault in the second degree in full satisfaction of the indictment, it being obvious that the change of plea was a result of plea bargaining and negotiation. On June 4, 1974 sentence was imposed. Upon this appeal, the defendant contends that subdivision 4 of section 60.05 of the Penal Law is unconstitutional as comprising cruel and unusual punishment because it mandates a sentence of imprisonment for persons convicted of certain Class D felonies including assault in the second degree. The contention of the defendant does not raise any substantial issue which would indicate a basis for a finding of unconstitutionality and the decision by this court in the recent case of *People* v. *Venable* (46 A D 2d 73) mandates the conclusion that subdivision 4 of section 60.05 of the Penal Law is constitutional. The contention of the defendant that the sentence was excessive is without any merit within the context of this record and the same is true in regard to his alleged conclusions that his assigned counsel had been ineffective and/or incompetent. The further contention of the defendant that there was a conflict of interest in regard to the representation by assigned counsel is not supported by any showing of prejudice in the record which would affect the voluntariness of the plea and imposition of sentence. Judgment affirmed. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.