■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MOORE, JR., Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered February 22, 1974, upon a verdict convicting defendant of the crimes of assault in the second degree, resisting arrest and menacing. Late in the evening of August 6, 1973 Officers Collins and Hancock of the Elmira Police Department responded to a call. When they arrived at their destination, they were confronted by defendant who, Officer Hancock testified, took out a gun and threatened to kill him. Help was summoned, the defendant subsequently disposed of the gun and surrendered. When the officer attempted to handcuff him, however, he resisted by kicking, swearing and spitting at the officers and a struggle ensued. Defendant was ultimately subdued and taken to the Elmira police station where Officer Collins was assigned to guard him and restrict him to a chair. After Collins returned defendant to the chair several times, defendant got up again and struck Collins in the right shoulder with his clasped hands. There was medical proof that the officer was injured and suffered from some impairment of function. Defendant was thereafter indicted for assault, second degree, resisting arrest and menacing. After a trial he was convicted on all three counts and received a sentence of zero to five years for the assault, one year for resisting arrest and three months for menacing. This appeal ensued. Defendant raises three issues urging reversal. He contends that the court erred in failing to charge the jury that assault, third degree was one of the possible verdicts; that his guilt was not established beyond a reasonable doubt; and that the sentence was harsh and excessive. As to the first issue, defendant denied that he struck Officer Collins and maintained it was the officer who struck him. This conflict of testimony presented ques-

tions of fact and credibility which the jury implicitly resolved against the defendant. Since the jury found that the defendant struck the officer who was on duty at the time, this constituted assault, second degree. One is guilty of assault, second degree, if he causes physical injury to a peace officer with intent to prevent the officer from performing his duty. With regard to the assault count, on this record the jury had to find the defendant guilty of assault, second, or exonerate him. Consequently, the trial court properly denied the request to charge assault, third degree. We are also of the opinion that there is ample evidence to sustain the jury's finding of guilty on all three charges. As to the sentence, the defendant could have received a seven-year term on the assault, second conviction. We should not disturb the term imposed by the sentencing court. *(People v Caputo,* 13 AD2d 861.) Judgment affirmed. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.