■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA DURANTE, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered July 31, 1974, upon a verdict convicting defendant of the crime of manslaughter in the second degree in violation of subdivision 1 of section 125.15 of the Penal Law and sentencing her to an indeterminate term of imprisonment with a maximum of 10 years in a State correctional facility. On March 10, 1974, defendant was taken into custody by Albany police and charged with assault in the first degree as the result of the

shooting and serious wounding of one Michael Spore earlier that same day. When Spore later died at Albany Medical Center Hospital on April 12, 1974, the charge against defendant was amended to include murder, manslaughter in the first and second degrees, and assault in the first degree, all for which she was subsequently indicted by the Albany County Grand Jury. On May 30, 1974, her motion to suppress certain oral statements made by her to the police was granted in part and denied in part, and she was thereafter tried, convicted and sentenced as noted above. On this appeal, defendant first contends that the trial court erred in denying her motion to suppress certain oral statements which she made to the police at Division Two Headquarters. We disagree. According to the testimony of Detective Keegan of the Albany Police Department, defendant confessed to having been the one who shot Michael Spore by these statements, which were made after she had been advised of and waived her *Miranda* rights (see *Miranda v Arizona,* 384 US 436). In response, defendant relies on her alleged state of intoxication at the time of her incarceration as raising a question with regard to her ability to make a knowing waiver of these rights. Our examination of the record, however, reveals that her claim of intoxication was disputed at the suppression hearing, and, therefore, the issue was one of credibility for the trial court's decision. Moreover, it is well-established law that self-induced intoxication alone will not render a confession inadmissible. Only where "it is shown that the accused was intoxicated to the degree of mania, or of being unable to understand the meaning of his statements," will reception of a confession be barred (69 ALR2d 361, 362; cited in *People v Schompert,* 19 NY2d 300, 305; *People v Stroud,* 34 AD2d 1047, 1048), and we find that such is not the situation here. Defendant's remaining contentions are likewise without merit. Clearly, in view of defendant's own inculpatory statements and the abundance of circumstantial evidence presented by the prosecution at the trial, it was not error for the trial court to deny defendant's motion for dismissal at the close of the People's case. As to the severity of the sentence imposed, it is well within the 15-year maximum permitted by law (Penal Law, § 70.00, subd 2, par [c]), and there are present here no extraordinary circumstances which would justify interference with the discretion of the sentencing court *(People v Caputo,* 13 AD2d 861). Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.