■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD KNUCKLES, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered February 18, 1975, upon a verdict convicting defendant of the crimes of murder in the second degree, robbery in the first degree and assault in the first degree. The defendant contends that the trial court erred in denying his motion to suppress his written confession not on the ground that he was not advised of his *Miranda* rights, but on the basis that he did not understand and knowingly waive those rights. It is his position that he was in such a state of intoxication as the result of the ingestion of alcohol and drugs that he could not understand his rights. He adds the further allegation that he was subjected to five hours of custodial interrogation before his statement was taken, thus impairing his ability to make a choice of whether or not to make a statement. These allegations are sharply disputed by the prosecution witnesses. It was their testimony that the actual interrogation of the defendant lasted only 20 minutes. The prosecution witnesses also testified that defendant was not in an intoxicated condition during his interrogation. A question of credibility was thus presented, the resolution of which was within the province of the trial court and should not be disturbed. We find no merit in the further contentions of the defendant that he was denied his right to a fair trial because of alleged pretrial publicity and comments of the prosecution during summation. In any event, such errors, if any, were harmless and, in view of the overwhelming proof of guilt, we must affirm. *(People v Crimmins,* 36 NY2d 230.) Judgment affirmed. Greenblott, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENEVE SHERLOCK, Also Known as GENEVE LILLIAN SHERLOCK, Appellant.—Appeal from a judgment of the County Court, Washington County, rendered February 13, 1975, convicting defendant upon a plea of guilty of the crimes of robbery in the first degree (Penal Law, § 160.15, subd 2), and attempt to commit murder in the second degree (Penal Law, § 125.25, subd 3). On the record presented in the instant case, it cannot be said that there is a clear abuse of discretion by the trial court in imposing a concurrent sentence of 5 to 15 years on each conviction *(People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861). There are facts and circumstances concerning defendant's past and conduct which the trial court could and presumably did consider in her favor in determining the sentence. On the other hand, defendant did proceed armed in the company of two others to a tavern with an admitted intention of robbing it or some other establishment and subsequently shot a patron three times from a distance of 10 feet and then robbed a proprietor. We find no basis to disturb the trial court's determination as to the appropriate sentence. Nor do we find any merit in defendant's additional contentions. Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.