■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL GERMAIN, Appellant.—Appeal from a judgment of the County Court of Warren County, rendered June 30, 1975, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree and imposing an indeterminate sentence of imprisonment not to exceed four years. Defendant was indicted by a Warren County Grand Jury for (1) robbery in the third degree, in violation of section 160.05 of the Penal Law, (2) grand larceny in the third degree, in violation of subdivision 1 of section 155.30 of the Penal Law and (3) criminal possession of stolen property in the second degree, in violation of subdivision 1 of section 155.45 of the Penal Law. After arraignment and a plea of not guilty to all counts of the indictment, numerous conferences between the District Attorney's office and defendant's counsel took place concerning a negotiated plea. As a result of such meetings the People agreed to accept a plea of guilty to grand larceny in the third degree in full satisfaction of the indictment. On June 30, 1975, immediately prior to the imposition of sentence the following dialogue took place between counsel for the defendant and the court: "MR. KROGMANN: I would simply, respectfully address the court and again ask the court to take into its discretion according to section 70, subdivision 4 of the penal law and ask that it set an alternate sentence in this matter. THE COURT: To set a what? MR. KROGMANN: An alternate definite sentence of up to one year." Thereafter, the court, stating that it had "reviewed" the presentence report, imposed the sentence. On this appeal, the defendant raises the dual issues of whether the indeterminate sentence with a maximum of four years was excessive and whether the reliance of the court on the presentence report without affording defendant or his counsel access to such report was error. In our view, an indeterminate sentence with a maximum of four years for grand larceny in the third degree, given the factual situation relative to the commission of the crime, viz., the crime was committed in the daytime in a public place, in company with another who brandished a gun, is not unduly harsh or excessive *(People v Moore,* 47 AD2d 980; *People v Pennington,* 47 AD2d 962; *People v Le Clair,* 47 AD2d 679). The imposition of sentence is within the sound discretion and judgment of the sentencing court and the exercise of the same will not be interfered with except under most extraordinary circumstances *(People v Caputo,* 13 AD2d 861). The failure of the court to accede to the request of defendant's counsel to impose an "alternate definite sentence" (Penal Law § 70.00, subd 4) for the Class E felony of grand larceny in the third degree did not constitute such "extraordinary circumstances" *(People v Caputo, supra,* p 861) as would warrant appellate interference with the sentence imposed. Subdivision 4 of section 70.00 of the Penal Law provides the sentencing court with discretionary authority to impose a definite sentence of one year or less in a county rather than a

State facility under circumstances that might suggest the defendant, as well as society, would be better served by placing the defendant in a position of confinement where he might, at his request, be conditionally released after service of 60 days of the definite sentence (Penal Law, § 70.40, subd 2). Upon this record we cannot say the court abused its discretion in refusing to impose the alternative sentence. Nor do we consider the court's response, "To set a what?", to counsel's request for sentence pursuant to subdivision 4 of section 70.00 of the Penal Law, as indicative of either nonawareness or a failure to consider such section before imposing sentence. Rather, it is more consistent with a normal response of an experienced Trial Judge to a request that the court impose an "alternate" rather than an "alternative" sentence, since the request must be construed as asking for a sentence to follow the one to be imposed, rather than for one in lieu of such a sentence. The second ground assigned as error and, therefore, as a predicate for remand for resentencing is academic. On the date of sentencing, June 30, 1975, a presentence probationary report was considered to be confidential and the court could, and did, withhold such report from defendant and his counsel. The amendment to CPL 390.50 (L 1975, ch 310, § 1, eff Sept. 1, 1975) making such reports available for examination by a defendant's attorney or the defendant himself, subject to discretionary deletions by the court, is not retroactive so as to make the failure of the court, on June 30, 1975, to make the report available, reversible error. While the September 1, 1975 amendment to section CPL 390.50 must be regarded as a legislative response to the strong suggestion in *People v Perry* (36 NY2d 114) that openness and fairness commensurate with constitutional due process would be advanced by making presentence reports available to defendants for examination, it cannot be said that reliance upon the law prior to amendment was error. (See, also, *People v Michael O.,* 22 NY2d 831; *People v Peace,* 18 NY2d 230). Judgment affirmed. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.