■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY W. KETCHUM, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered May 16, 1975, convicting defendant on his plea of guilty of the crime of offering a false instrument for filing in the first degree. Defendant contends that his plea of guilty was improperly induced by the incorrect admission of certain prejudicial and damaging evidence at trial and the District Attorney's offer to substitute a second felony information for a persistent felony information, if the defendant would plead guilty. Defendant also argues that the sentence imposed, an indeterminate term of two to four years, was excessive. The defendant was indicted on two counts: offering a false instrument for filing in the first degree and grand larceny in the third degree. On the second day of defendant's trial, he pleaded guilty to the first count of the indictment and thereafter, prior to sentence, admitted the second felony offender information. On the record before us there can be no doubt that defendant's plea was made knowingly and voluntarily. Such a plea effectively waives the right to appellate review of the admissibility of evidence received during that portion of the trial which transpired prior to the entry of the plea. Nor is there any merit to the defendant's contention that his plea of guilty was improperly induced. We conclude, therefore, that

defendant's plea of guilty was entered in the course of the trial on his own application, that it was made knowingly and voluntarily and with a full understanding on his part of the effect and consequences of the plea. Under all the circumstances of the present case, the sentence imposed on the defendant as a second felony offender, of not more than four years nor less than two years, does not constitute an abuse of discretion by the trial court (*People v Dittmar*, 41 AD2d 788; *People v Schermerhorn*, 35 AD2d 680; *People v Caputo*, 13 AD2d 861), and we may not disturb it. Judgment affirmed. Koreman, P. J., Sweeney, Larkin, Herlihy and Reynolds, JJ., concur.