■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABILIO LIRIO, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the County Court, Nassau County, imposed January 15, 1976, upon his conviction of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, the sentences being concurrent intermittent terms of imprisonment, to be served on weekends, for one year. Sentence affirmed. In our opinion subdivision 4 of section 60.05 of the Penal Law mandates a sentence of imprisonment for persons convicted of the class D felony of assault in the second degree (see *People v Le Clair,* 47 AD2d 679). The crime of assault in the second degree is defined in section 120.05 of the Penal Law rather than in section 120.25; the reference to "assault in the second degree as defined in section 120.25", contained in subdivision 4 of section 60.05 of the Penal Law, which deals with authorized disposition of such crimes, is clearly nothing but a typographical error. Margett, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.