■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN DANAHER, Appellant.—Appeal from an amended judgment of the County Court of Rensselaer County, rendered June 30, 1976, which revoked defendant's probation imposed following his plea of guilty to the crime of criminal trespass in the second degree and sentenced him to a term of nine months imprisonment. On April 14, 1976 the defendant pleaded guilty to criminal trespass in the second degree (Penal Law, § 140.15) and on June 3, 1976 was sentenced to three years probation conditioned upon defendant's attendance as an inpatient in the New Horizons program at Huntington Lake, New York (Penal Law, § 65.00, subd 1, par [a], cl [ii]). Less than 24 hours after entering the facility at Huntington, defendant left without permission of the court or the authorities at Huntington. On June 24, 1976 the Rensselaer County Probation Department filed a probation violation petition. The Rensselaer County Judge issued an arrest warrant on June 26, 1976 (CPL 410.40, subd 2). On June 30, 1976 the defendant was afforded a hearing (CPL 410.70), at the conclusion of which the defendant, who was represented by counsel, entered a plea of guilty to violation of probation. Thereupon, the court revoked the sentence of probation and sentenced defendant to nine months in the Rensselaer County Jail (Penal Law, § 70.15, subd 1). The defendant appeals on the ground that the sentence imposed was excessive. Since the trial court could have sentenced defendant to a period of one year in jail after finding him guilty of violating probation, we cannot say the court abused its discretion in sentencing him to nine months in prison

*(People v Caputo,* 13 AD2d 861). Judgment affirmed. Koreman, P. J., Sweeney, Mahoney, Main and Herlihy, JJ., concur.