■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS T. HOGGS, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered April 20, 1976, upon a verdict convicting the defendant of the crime of robbery in the second degree and sentencing him to an indeterminate term of imprisonment not to exceed 10 years. As a result of an incident at approximately 2:10 P.M. on January 26, 1976 in the City of Albany, wherein an elderly lady was allegedly savagely beaten and robbed, defendant was indicted for the crimes of robbery in the first degree (Penal Law, § 160.15, subd 1) and robbery in the second degree (Penal Law, § 160.10, subd 1). Following a jury trial, he was ultimately convicted on the latter charge, a class C felony, and sentenced to an indeterminate term of imprisonment not to exceed 10 years. On this appeal, defendant makes three contentions, all of which are without merit. Although he was indicted for a crime which allegedly occurred at 167 Sherman Street in the City of Albany and some evidence in the record indicates that the alleged crime occurred a short distance down the street from that location, it is clear that the precise location of the incident was not a material ingredient of the crime, and, accordingly, defendant's motion for a dismissal upon the ground of an alleged discrepancy between the crime charged and proven was properly denied (cf. *People v La Marca*, 3 NY2d 452, remittitur amd 3 NY2d 933, cert den 355 US 920). Similarly, the testimony of an accomplice was properly received in evidence since it appears that the substance of any prior agreement between the prosecution and the accomplice as to the disposition of any charges pending against said accomplice was placed before the jury, and, at any rate, the evidence of guilt was overwhelming even without the accomplice's testimony. Finally, relative to the sentence imposed upon defendant, it was clearly within the statutory limits for a class C felony (Penal Law, § 70.00, subd 2, par [c]), and no extraordinary circumstances are presented which would warrant our disturbance of the sentencing court's exercise of its broad discretion in this area (*People v Finke*, 51 AD2d 1089; *People v Caputo*, 13 AD2d 861). Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.