■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD J. DOBRANSKI, Appellant.—Levine, J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered July 11, 1980, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

During the early morning hours of December 30, 1979, defendant broke into the display window of a department store in the City of Elmira and stole a shirt. At least three persons witnessed this incident. Among them was Patrick Allen, who called the police and described defendant. Defendant was apprehended and brought back to the store where Allen identified him as the perpetrator of the break-in. Also witnesses to this incident were Cynthia Backer and Mary Bryon, who saw defendant's actions from their car which was stopped at a traffic sign. They then drove to the police station where they were told to wait as the police had apprehended a suspect and were bringing him in. While waiting, both women glanced out the window and saw defendant getting out of a police car.

Defendant was read his *Miranda* warnings at about 3:00 A.M., after which he gave a statement that he was not involved in the break-in. He was again questioned at approximately 9:20 A.M., at which time he reiterated his innocence. He was then arraigned. Following *Huntley* (15 NY2d 72) and *Wade* hearings (388 US 218), County Court denied defendant's motion to suppress his statements to the police as well as the potential identification testimony of the witnesses. He subsequently pleaded guilty to the crime of burglary in the third degree.

On this appeal, defendant argues that his statements to the police should have been suppressed because (1) he was intoxicated when he made the first statement, and (2) the statement he gave at 9:20 A.M., some eight hours after his arrest, was given after an unreasonable and unnecessary delay in his arraignment. We cannot agree. In regard to the intoxication argument, it is well established that "self-induced intoxication alone will not render a confession inadmissible" (*People v Durante,* 48 AD2d 962, 963). There must also be a showing that defendant was so intoxicated as to be unable to comprehend the meaning of his words (*supra*). No such showing was made here. Of the two arresting officers, one testified that defendant appeared to be intoxicated at the time he was

apprehended, while the other opined that while defendant had apparently been drinking, he was not intoxicated. Neither officer testified that defendant was so inebriated as to be incapable of understanding what he was saying. At most, the officers' testimony presented a question of credibility, the resolution of which was properly within the province of the hearing court and which should not be disturbed on review (*see, People v Knuckles,* 51 AD2d 835; *People v Durante, supra*).

Defendant's second argument, namely, that the delay in his arraignment required the suppression of his statement made at 9:20 A.M., is also meritless. Absent extraordinary circumstances, a delay in arraignment is but one factor to be considered on the issue of involuntariness (*People v Hopkins,* 58 NY2d 1079, 1081). Here, no further showing has been made that the statement was involuntary. There is no evidence either that defendant's will was overborne by the delay or that the delay was calculated to deprive him of his right to counsel (*see, People v Cooper,* 101 AD2d 1, 10). Hence, the mere passage of time between his arrest and arraignment is not a sufficient basis for the suppression of this statement.

Also unavailing is defendant's contention that County Court erred in not suppressing the possible in-court identification testimony of witnesses Backer and Bryon. He argues that the fact that the women saw him getting out of a police car at the station was unduly suggestive and thereby would have tainted any future identification testimony. Under different circumstances, this unfortunately suggestive incident might be grounds for the suppression of such testimony (*cf. People v Adams,* 53 NY2d 241; *People v Rogers,* 81 AD2d 980). However, it is well established that when a witness' in-court identification has an independent origin, untainted by police procedures, it is properly ruled admissible (*People v Chamberlain,* 96 AD2d 959, 960). Here, the People demonstrated by clear and convincing evidence that these witnesses had an ample opportunity to observe the perpetrator during the commission of the crime. Accordingly, there was sufficient evidence to support County Court's ruling admitting the identification testimony on the ground that it had an independent basis.

Finally, we find no merit in defendant's contention that County Court erred in accepting his guilty plea. The record *discloses* that the court apprised defendant of the consequences of his plea and, in turn, elicited from him an admission of guilt and a statement that his plea was both voluntary

and made after consultation with his attorney. This was sufficient to justify the court's discretion in accepting defendant's plea (*see, People v Nixon,* 21 NY2d 338, 355, *cert denied sub nom. Robinson v New York,* 393 US 1067).

Judgment affirmed. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.