■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, THOMAS LEE COTTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered January 10, 1986, convicting him of assault in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, his arrest was based upon probable cause. The victim reported to police that he had been menaced by a man with a gun. He described both the gun and the man's attire and also provided police with the name of his assailant. Upon the defendant being located in a nearby park and prior to any police intrusion, the victim was brought to the scene where he positively identified the defendant as the man who had menaced him. It is well settled that information provided by an identified citizen, accusing another identifiable individual of a crime, is sufficient to provide police with probable cause to arrest *(People v Moore,* 32 NY2d 67, *cert denied* 414 US 1011; *People v Sanders,* 79 AD2d 688; *People v Crespo,* 70 AD2d 661). The failure to discover a weapon on the defendant's person after a pat down did not invalidate the probable cause which existed. "Surely, where an identifiable private citizen reports that he has just been threatened with a gun, the responding officer[s] cannot be expected to stand by and do nothing" *(People v Hyter,* 61 AD2d 990, 991).

It was after this pat down, while the officers were attempting to handcuff the defendant, that he attempted to evade arrest by struggling with the officers on the scene as a result of which one of those officers sustained physical injury. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt *(see, People v Moore,* 47 AD2d 980; *see also, People ex rel. Gray v Tekben,* 86 AD2d 176, *affd* 57 NY2d 651).

The defendant's contention that the jury should have believed the sole defense witness, and disregarded the contrary testimony of the five police officers, is without merit. Resolution of issues of credibility, as well as the weight to be

accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review powers, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.