■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY BENNETT, Appellant.—Levine, J.

In our view, the foregoing facts support County Court's determination that defendant's initial oral confession was not made during a custodial interrogation. Defendant went to the Sheriff's Department of his own accord and there is nothing in the record to indicate that, up until the time he inculpated himself, he was compelled to remain there. Defendant was interviewed in a noncoercive atmosphere and the questions asked by the officers were of an investigatory rather than accusatory nature (see, People v Centano, 76 NY2d 837, 838). Under these circumstances, we cannot conclude that a reason-

able person, innocent of any crime, would have thought that he or she was in custody had he or she been in defendant's position *(see, People v Yukl,* 25 NY2d 585, 589; *People v Baird,* 155 AD2d 918, 919, *lv denied* 75 NY2d 963). The fact that defendant's admission came immediately after Brewster's declaration that his story was inconsistent with information discovered at the scene does not require a different result *(see, People v Huffman,* 61 NY2d 795, 797).

We likewise reject defendant's claim that he was unable to knowingly and intelligently waive his constitutional rights before giving his later statements because he was both under the influence of alcohol and emotionally distraught. While it is clear that defendant was emotionally upset at the time he gave his statements, both Freer and Brewster testified that they did not detect any odor of alcohol on defendant and there was no other evidence that defendant was unable to comprehend the meaning and effect of his written waivers *(see, People v Stroman,* 118 AD2d 1006, 1008, *lv denied* 68 NY2d 672; *People v Estrada,* 109 AD2d 977, 980). Because the record fully supports County Court's determination that defendant's waiver was knowing and intelligent, it should not be disturbed *(see, People v Williams,* 62 NY2d 285, 288).

We turn next to defendant's contention that his confession was not sufficiently corroborated as required by CPL 60.50. This argument is unavailing. Under the New York rule, the requirement of CPL 60.50 is satisfied "by the production of some proof, of whatever weight, that a crime was committed by someone" *(People v Daniels,* 37 NY2d 624, 629; *see, People v Booden,* 69 NY2d 185, 187; *People v Lipsky,* 57 NY2d 560, 571). Here, the medical examiner who performed the autopsy on the victim testified that, although he was unable to determine the precise cause of death solely by examination of the victim's body, he discovered a hemorrhage in the spinal canal "around the thickle sack *[sic]*" which indicated damage to the neck and was evidence that force was applied to the upper neck. Upon consideration of defendant's confession, the medical examiner was able to opine with a reasonable degree of medical certainty that the victim died "as a result of condusive *[sic]* injury to the cord * * * and * * * partial suffocation". Thus, defendant's confession furnished the key to explaining the victim's neck injury which, when explained, established the criminal act *(see, People v Lipsky, supra,* at 570-571). Accordingly, we conclude that there was compliance with CPL 60.50.

We have examined defendant's remaining contentions, in-

cluding that his sentence should be reduced in the interest of justice, and find them to be without merit.

Weiss, J. P., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is affirmed.