■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS BRYANT, Appellant.

The sole issue raised on this appeal in support of the defendant's contention that the court should have suppressed incriminating statements made after he was taken into cus-

tody is that his arrest was effected without probable cause. We agree with the hearing court that the police officer on the scene had probable cause to arrest the defendant. The arresting officer testified that upon arriving at the location of a reported burglary and disturbance in North Babylon he witnessed an altercation unfolding between the defendant and four other men. After the officer separated these men, one of them, Dennis Bernzott, told the officer that Bernzott's home had been burglarized, and that Bernzott had seen the defendant with Bernzott's television set in the yard of an adjoining property soon after discovering the break-in. Upon seeing the defendant, Bernzott and others chased him into the street. The officer further testified that when asked to identify himself, the defendant initially gave him two names, and explained to him that he had been using cocaine in a car and had stepped out to urinate. He also told the officer that he simply picked up the television after noticing it and then was set upon by the other men. The defendant was arrested shortly thereafter, initially for criminal possession of stolen property.

It is well established that the report of a crime victim identifying the defendant as the person responsible is sufficient to establish probable cause to arrest *(People v Griffin,* 161 AD2d 799; *People v Cotton,* 143 AD2d 680; *People v Crespo,* 70 AD2d 661). Moreover, the defendant's own evasive behavior, viewed in the light of the other factors presented to the arresting officer upon his arrival, provided an additional reason to take him into custody *(see, People v Saylor,* 113 AD2d 904). Although the defendant testified in his own behalf and denied any wrongdoing, the hearing court found that testimony to be lacking in candor and credibility, a determination we find no reason to disturb here *(see, People v Prochilo,* 41 NY2d 759; *People v Carter,* 166 AD2d 540). Accordingly, we conclude that the branch of the omnibus motion which was to suppress the voluntary statements he later made to the police —both to the effect that he wished to press charges against one of the men who had pursued him because his was not the house the defendant had burglarized—was properly denied. Thompson, J. P., Sullivan, Eiber and Copertino, JJ., concur.