■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD S. BUCHTA, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 22, 1990, convicting defendant upon his plea of guilty of the crime of arson in the third degree.

Defendant was arrested and subsequently indicted on two counts of arson in the third degree and three counts of burglary in the third degree, arising out of incidents in the City of Binghamton and the Village of Johnson City in Broome County. Following a hearing, County Court denied defendant's motion to suppress certain physical and identification evidence and oral and written statements. Defendant thereafter pleaded guilty to arson in the third degree in full satisfaction of the indictment and was sentenced as a second felony offender to a prison term of 6 to 12 years. Defendant now appeals.

There should be an affirmance. Initially, we agree with County Court that defendant's initial detention was lawful. It was developed at the suppression hearing that shortly before midnight on April 5, 1989, Barbara Hobarth arrived for work at the Home Insurance Company building in Binghamton. As she approached the rear door of the building, she saw a man standing inside and noticed that the glass of the door had been broken. Upon seeing Hobarth, the man exited the building and ran from the scene. Hobarth immediately called the police and described the intruder as a young white clean-shaven male, wearing a waist-length blue-grey ski jacket and blue jeans. Fitting that description, defendant was observed by a police officer within minutes of the occurrence on a nearly deserted street a short distance from the scene of the burglary. When asked for identification, defendant could produce none. Under the circumstances, the initial detention of defendant was supported by reasonable suspicion founded on "articulable facts, credible objective evidence, and the rational inferences that flow therefrom" (People v Hicks, 68 NY2d 234, 243; see, People v Hollman, 79 NY2d 181; People v De Bour, 40 NY2d 210, 223; People v Cantor, 36 NY2d 106, 113; People v Alleyne, 136 AD2d 552, lv denied 71 NY2d 892).

Moreover, following Hobarth's viewing of defendant and

statement that she was "90% sure" that he was the man she had encountered, defendant's subsequent nonarrest detention, including his transportation to the crime scene and the police station, "was within the bounds of a lawful investigatory stop" *(People v Pinkney,* 156 AD2d 182, *lv denied* 75 NY2d 870; *see, People v Booker,* 158 AD2d 700, 701). We find that the nonarrest detention was "reasonably related in scope to the circumstances justifying the interference" and assisted the police in pursuing "a means of investigation that was likely to confirm or dispel their suspicions quickly" *(People v Hicks, supra,* at 241).

We likewise reject the claim that County Court should have suppressed any oral statements made by defendant prior to the administration of *Miranda* warnings at the police station. The investigatory detention of defendant did not "constitute a restraint on his * * * freedom of movement of the degree associated with a formal arrest" *(People v Bennett,* 70 NY2d 891, 894) and did not require that *Miranda* warnings be given prior to questioning *(see, supra,* at 893-894; *People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). Also unavailing is defendant's contention that he was not read his *Miranda* warnings prior to custodial interrogation at the police station. At most, defendant's testimony presented a question of credibility which was properly within the province of County Court and the resolution of which should not be disturbed on appeal *(see, People v Dobranski,* 112 AD2d 541, 542, *lv denied* 66 NY2d 614). Finally, we reject defendant's contention that his statements were involuntary because he was intoxicated while police questioned him. The record fully supports County Court's determination that defendant's waiver was knowing and intelligent and, accordingly, it should not be disturbed *(see, People v Williams,* 62 NY2d 285, 290; *People v Bennett,* 179 AD2d 837, 839; *People v Dobranski, supra,* at 541-542).

We have considered defendant's remaining contentions and find them also to be without merit.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.