(June 29, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEHEMIA NASH, Also Known as JUSTICE, Appellant. [710 NYS2d 157] —Mugglin, J. Appeals (1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 24, 1997, upon a verdict convicting defendant of the crimes of murder in the second degree, robbery in the first degree (two counts), grand larceny in the third degree and grand larceny in the fourth degree, and (2) by permission, from an order of said court, entered October 8, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant and his girlfriend, Erica Bryant, lived with Paul Shulman (hereinafter the victim) and his girlfriend, Deatra Wallace, at an apartment in the Town of Liberty, Sullivan County. According to Wallace, the chief prosecution witness, she was awakened by Bryant on the evening of the murder and told to get her "stuff" and leave. The victim was asleep in bed with Wallace at the time. Wallace did as instructed and later met defendant and Bryant and traveled with them by taxi to an apartment in the Town of Fallsburg, Sullivan County. Wallace observed blood on defendant and upon asking him what had happened, defendant admitted to killing the victim. Wal-

lace also noticed that defendant possessed certain items of jewelry that the victim was wearing when he went to bed. Telling defendant that she could retrieve other valuable items from the victim, Wallace left the apartment and after securing a ride, returned to the apartment in Liberty where she found the victim's body in the bed. The police were notified.

Approximately three weeks later, defendant was apprehended in the Bronx by the State Police. After waiving his *Miranda* rights, defendant gave the police two different statements, both of which admitted that he and Bryant killed the victim with a hammer and knives. However, at trial, defendant testified that he temporarily left the apartment in Liberty and upon returning observed the victim on his bed bloodied and hurt, Bryant running back and forth, and Wallace attempting to access the victim's gun cabinet. Defendant admitted that he removed the victim's coat and was handed some jewelry but that he then left the apartment.

Defendant's motion to vacate his judgment of conviction pursuant to CPL 440.10 was premised upon the contention that his assigned attorney had a conflict of interest which denied him the effective assistance of counsel. According to the motion papers, prior to his assignment as attorney for defendant, trial counsel, as a Legal Aid attorney, had met with and agreed to represent Wallace, who was apparently concerned that the police considered her to be involved in the murder. In representing Wallace, trial counsel contacted the District Attorney by letter and telephone to request that Wallace not be interviewed without his presence. When Wallace was not indicted, trial counsel was assigned to represent defendant and claims that he advised defendant of these facts and the potential conflict of interest.

Defendant argues that County Court improperly denied the motion without holding an evidentiary hearing where testimony would have established that his defense was substantially impacted by the operation of the conflict of interest. In support of the motion, trial counsel averred that his ability to effectively cross-examine Wallace was restricted due to the attorney-client privilege because, based upon his interview with Wallace, he knew that certain aspects of her trial testimony were inconsistent with her previous "privileged" communications.

A motion to vacate a judgment of conviction may be denied without conducting a hearing after considering the merits of the motion if the moving papers fail to allege any ground which would constitute a legal basis for the motion (*see*, CPL 440.30 [4] [a]). Here, County Court denied the motion without an evi-

dentiary hearing since defendant failed to adequately demonstrate that the conflict of interest substantially impacted the defense and defendant failed to demonstrate that he was denied the effective assistance of counsel. Initially, we observe that an evidentiary hearing is mandated if the motion cannot be determined under CPL 440.30 (4) (*see*, CPL 440.30 [5]). Since we find no proper legal basis in the moving papers, we affirm the denial of the motion to vacate the judgment of conviction.

As we stated in *People v McLean* (243 AD2d 756, 757, *lv denied* 91 NY2d 928): "It is well established that the right to effective assistance of counsel 'encompasses the right to conflict-free counsel so that counsel's devotion to his [or her] client's interests will be " 'single-minded' " ' (*People v Carillo*, 218 AD2d 505, quoting *People v Ortiz*, 76 NY2d 652, 656, quoting *People v Darby*, 75 NY2d 449, 454). In order to successfully assert ineffective assistance of counsel based upon an alleged conflict of interest, a defendant must establish that ' "the conduct of his [or her] defense was *in fact affected* by the operation of the conflict of interest" ' (*People v Jordan*, 83 NY2d 785, 787, quoting *People v Alicea*, 61 NY2d 23, 31 [emphasis in original]) by showing that the conflict had actually 'operated' on the defense (*People v Recupero*, 73 NY2d 877, 879; *see*, *People v Ortiz*, *supra*, at 656)."

Here, the moving papers do not sufficiently demonstrate that the conflict of interest actually impacted on the defense and, therefore, without an appropriate legal basis for the motion, County Court properly denied it without an evidentiary hearing. Our examination of the entire record reveals no instance in which the conflict of interest "operated" on defendant's right to the effective assistance of counsel. While we recognize that an attorney, even following termination of the representation, has an obligation not to disclose confidences and secrets (*see*, Code of Professional Responsibility DR 4-101 [22 NYCRR 1200.19]), defendant has failed to demonstrate how the existence of those confidences and secrets limited, in any way, trial counsel's ability to fully and effectively cross-examine Wallace. Trial counsel effectively cross-examined Wallace and, given defendant's testimony, clearly articulated for the jury's consideration the possibility that Wallace and Bryant killed the victim while defendant was out of the apartment. We believe our conclusion is supported by defendant's acquittal of the intentional and reckless murder counts in the indictment. Consequently, we find defendant's arguments to be unpersuasive.

Moreover, we conclude that County Court was justified, pursuant to the provisions of CPL 440.30 (4) (d), in dismissing this motion without conducting a hearing in that the allegation of fact essential to support the motion—that counsel's prior representation of the witness prevented him from fully cross-examining her at trial—is contradicted by the trial transcript. Twice, during a sidebar discussion of this issue, counsel made no claim that his prior representation impeded cross-examination. Instead, he advised the court that his ability to cross-examine the witness was impeded by instructions from defendant. The County Judge, having presided at the trial, was cognizant of these and all other circumstances attending the case and was justified in concluding that there is no reasonable possibility that the allegations in the affidavit in support of the motion were true.

Turning to defendant's direct appeal from the judgment of conviction, we find no merit to the argument that his acquittal of criminal possession of a weapon in the third degree negates an essential element of the felony murder conviction, thereby rendering the verdict repugnant. An inherently self-contradictory verdict must be reversed where acquittal on one crime is conclusive as to a necessary element of another crime on which a verdict of guilty was returned (*see, People v Tucker*, 55 NY2d 1, 7-8). In this regard, defendant argues that the jury's acquittal on criminal possession of a weapon in the third degree represents a determination that he did not possess the hammer and knife with the intent to use such objects on the victim, thereby negating that element of robbery in the first degree which requires an intent to forcibly deprive the victim of his property. Defendant's argument overlooks the fact that the count of murder in the second degree under which he was convicted charges that he acted in concert with Bryant. Consequently, if the jury concluded that Bryant caused the death of the victim and that defendant acted in concert with her during the commission of the robbery, the jury could properly convict defendant of murder in the second degree and at the same time find that he did not possess the hammer or the knife. Therefore, the verdict is not repugnant.

Likewise, there is no substance to defendant's contention that he was deprived of his right to a fair trial by the conduct of the prosecutor during cross-examination of defendant and on his summation. First, we note that where a prosecutor discusses law in his summation and his recitation of the law is correct, reversal is not warranted (*see, People v Goodman*, 190 AD2d 862, 863, *lv denied* 81 NY2d 971). Here, the prosecutor's

comments represent an accurate statement regarding the law of felony murder in this State. Second, County Court constantly instructed the jury that it was required to accept the law given to it by the court and such instructions are sufficient to obviate any error in the prosecutor's comments on the law (*see, People v Smith*, 246 AD2d 852, *lv denied* 91 NY2d 977). Third, any indiscretion by the prosecution during the cross-examination of defendant has not been preserved for review since defendant failed to object to the line of questioning at the time of trial. In any event, were we to review this issue in the interest of justice, any error was harmless and reversal of the judgment of conviction is not necessary given the overwhelming evidence of defendant's guilt (*see, People v King*, 170 AD2d 710, 713, *lv denied* 77 NY2d 997; *People v Dexheimer*, 214 AD2d 898, 901, *lv denied* 86 NY2d 872). None of the comments by the prosecutor of which defendant now complains were so egregious as to deprive defendant of a fair trial (*see*, CPL 470.15 [6] [a]; *People v German*, 251 AD2d 900, 902, *lv denied* 92 NY2d 897).

We have examined defendant's remaining contentions and find them to be unpreserved for review or without merit.

Peters, Spain and Graffeo, JJ., concur.

Crew III, J. P. (dissenting in part and concurring in part). I concur with the majority in its conclusion that defendant's contentions on his direct appeal are without merit and, accordingly, there must be an affirmance. However, because I disagree with the conclusion reached by the majority that the order denying defendant's CPL article 440 motion without a hearing should be affirmed, I respectfully dissent in that regard.

Contrary to the People's assertions, the sworn affidavit of defendant's trial counsel in support of the CPL article 440 motion quite clearly indicates that he undertook to and did in fact represent the prosecution's chief witness prior to undertaking defendant's defense. Such representation clearly raised the potential for a conflict of interest (*see, People v Lombardo*, 61 NY2d 97, 102). Moreover, trial counsel averred that his prior representation of the witness in question prevented him from fully cross-examining her at defendant's trial demonstrating, prima facie, that a conflict of interest actually existed. Nonetheless, the rule is now clear that even where an actual conflict exists, there must be a demonstration that such conflict "operated" adversely to the defendant (*People v Alicea*, 61 NY2d 23, 30, n). Defendant here cannot make such a specific factual showing, nor can we make a determination in this regard without a postconviction hearing (*see, People v Recupero*, 73

NY2d 877, 880 [Titone, J., dissenting]). Consequently, I would remit this matter to County Court for such a hearing.

Ordered that the judgment and order are affirmed.