■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON E. JONES, Appellant. [753 NYS2d 196] —Crew III, J.P. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered September 17, 2000 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

On December 9, 1999, Daniel Murtha was in his dorm room

at the University of Albany when he heard a knock at the door. Upon opening the door, he observed defendant carrying a purple book bag and wearing a dark hood with a red bandana covering his lower face. Defendant pulled out a handgun and demanded money and drugs. At some point during this encounter, defendant lowered the handgun and Murtha tackled him in an attempt to wrest the gun from him. During this struggle, defendant's bandana slipped, thereby exposing his full face to Murtha. Defendant then recovered the gun and again pointed it at Murtha, during which time the bandana no longer was covering his face. At that point, there was a knock on Murtha's door, whereupon defendant put the gun in his pocket, opened the door and ran.

Later that day, Murtha had occasion to be in the cafeteria when he observed a food worker who appeared to be the individual who had been in his room with the gun. Murtha left the cafeteria and reported the incident to University police. The following day, a University police investigator prepared a photo array, which did not contain a photograph of defendant, and showed it to Murtha who, not surprisingly, was unable to identify the perpetrator. Some six hours later, the investigator removed one of the photographs in the array and replaced it with a photograph of defendant. When this array was shown to Murtha, he identified defendant as the individual who robbed him.

Defendant thereafter was arrested and, during a search incident to that arrest, was found to be in possession of a nine-millimeter handgun and 59 "tie offs" of crack cocaine. Consequently, defendant was indicted and charged with one count of robbery in the first degree, one count of robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. Following a jury trial, defendant was acquitted of robbery in the first degree and robbery in the second degree, but convicted of the remaining charges, as the result of which he was sentenced to, inter alia, an indeterminate term of imprisonment of 5 to 10 years. Defendant now appeals and we affirm.

Defendant initially contends that the photographic array shown to Murtha was impermissibly suggestive and, further, that there was no independent basis for the subsequent in-court identification, thereby necessitating a reversal. Even assuming that the subject array indeed was impermissibly suggestive, the record nonetheless makes plain that Murtha and

defendant stood face to face in a well-lighted dorm room for a considerable period of time where, as Murtha put it, "I could fully make out [defendant's] face." On the same day, Murtha saw defendant in the student cafeteria and had occasion to speak with him. Accordingly, Supreme Court quite properly found that the People demonstrated the existence of an independent source, untainted by police procedure, justifying defendant's in-court identification (*see e.g. People v Dobranski*, 112 AD2d 541, 542, *lv denied* 66 NY2d 614).

Defendant next argues that Supreme Court erred when it denied his motion to sever the robbery counts from the drug and weapon possession counts. In this regard, we note only that inasmuch as defendant was acquitted of the robbery charges, he cannot demonstrate actual prejudice as the result of the court's refusal to sever the counts of the indictment and, thus, any claimed error is harmless (*see People v Fosmer*, 293 AD2d 824, 825, *lv denied* 98 NY2d 696; *People v Kelly*, 270 AD2d 511, 512-513, *lv denied* 95 NY2d 854). We have considered defendant's remaining arguments, including those contained in his pro se brief, and find them equally without merit.

Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.