(July 24, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY CHANDLER, Appellant. [762 NYS2d 179] —Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered April 24, 2000, upon a verdict convicting defendant of the crime of burglary in the second degree.

Defendant was found guilty of burglary in the second degree following a jury trial and sentenced, as a second felony offender, to 10 years in prison. The conviction stems from evidence that defendant stole numerous pieces of musical equipment from an unoccupied house in the City of Schenectady, Schenectady County. He now appeals, and we affirm.

We find no merit in defendant's contention that the evidence against him was legally insufficient to support his conviction because the "building" from which he stole property was not a "dwelling" (see Penal Law § 140.00 [3]). Viewing the evidence in a light most favorable to the People, there was most assuredly a valid line of reasoning and permissible inferences to support the jury's verdict convicting defendant of burglary in the second degree (see People v Bleakley, 69 NY2d 490, 495 [1987]). The undisputed evidence at trial reveals that the premises from which defendant removed the subject items was a one-family home in a residential neighborhood. Its owner testified that he had purchased the home 25 years earlier and had lived in it himself for many years while he worked in the area. In recent years, it was occupied by his son while he attended high school in the area and then during his college breaks. The home contained personal furnishings and had all utilities intact. There were curtains on the windows and items

in the refrigerator. In describing the interior of the premises, one of the investigating officers testified that it was a "very lived-in type house, nothing out of the ordinary." Thus, although the home may have been unoccupied at the precise time of the burglary and was allegedly flea-infested and unsanitary, it still constituted a "dwelling" for purposes of the burglary statute as it was a "building which is usually occupied by a person lodging therein at night" (Penal Law § 140.00 [3]; *see People v Barney*, 99 NY2d 367, 372 [2003]).

Equally unpersuasive is the contention that defendant's written statement to police should have been suppressed because defendant was "inebriated" when he gave it. Our review of the *Huntley* hearing discloses no facts whatsoever to support such a finding (*see People v Morris*, 245 AD2d 954, 955 [1997], *lv denied* 91 NY2d 928 [1998]; *compare People v Blanchard*, 279 AD2d 808, 810 [2001], *lv denied* 96 NY2d 826 [2001]). The sole witness at the suppression hearing, a police investigator who questioned defendant about the burglary, testified that, although he did not specifically ask defendant if he was under the influence of alcohol at the time of questioning, defendant did not appear to be so (*see People v Bennett*, 179 AD2d 837, 839 [1992]). Moreover, this investigator did not recall smelling any alcohol on defendant's breath at the time. Under these circumstances, there is clearly a basis for County Court's factual finding that defendant was not intoxicated or under the influence of any substance when he gave the written statement (*see People v Jones*, 240 AD2d 950, 951 [1997], *lv denied* 91 NY2d 875 [1997]). As there was also undisputed evidence adduced at the hearing that defendant's *Miranda* rights were clearly conveyed to him and that he understood and knowingly waived such rights, the court did not err in denying defendant's suppression motion (*see e.g. id.*; *People v Jordan*, 193 AD2d 890, 892 [1993], *lv denied* 82 NY2d 756 [1993]; *People v Buchta*, 182 AD2d 853, 854 [1992], *lv denied* 80 NY2d 829 [1992]).

Defendant's remaining contentions, namely, that he received ineffective assistance of counsel and his sentence is harsh and excessive, have been reviewed and found to be without merit.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.