■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ALMAREZ, Appellant. [770 NYS2d 165]—

Mercure, J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered April 24, 2001, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant, an inmate at Coxsackie Correctional Facility in Greene County, was charged in an indictment with committing the crime of promoting prison contraband in the first degree (*see* Penal Law § 205.25 [2]) after he was observed during a prison melee with a sharpened metal rod in his hand. Following

a jury trial, defendant was convicted as charged and sentenced to a prison term of $3^1/_2$ to 7 years, to run consecutively to the sentences he was serving at the time of the incident. Defendant appeals and we now affirm.

Defendant asserts that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Specifically, defendant asserts that because none of the correction officers testifying at trial could indicate what he wore at the time of the incident, the People failed to establish a proper identification of defendant as the perpetrator. A jury verdict is supported by sufficient evidence when "there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Chandler*, 307 AD2d 585, 585 [2003]). Here, a correction officer, who saw defendant on a daily basis for nine months prior to the incident, testified that during the prison melee he saw defendant holding a steel rod, approximately $8^1/_2$ inches long, with a point on one end. The officer made eye contact with defendant and, from a distance of 8 to 10 feet, witnessed defendant place the weapon under the door of a prison cell. Another correction officer who witnessed the incident similarly testified that he saw defendant holding a rounded piece of metal that was sharpened on one end. We conclude that this testimony was sufficient to establish defendant's identity as the individual possessing the weapon at issue. Moreover, to the extent that defendant's testimony conflicted with that of the correction officers, we find—after weighing the relative probative force of the conflicting testimony and inferences drawn therefrom—that the verdict was not against the weight of the evidence (*see People v Bleakley, supra* at 495; *People v McKnight*, 306 AD2d 546, 547 [2003], *lv denied* 100 NY2d 596 [2003]).

Defendant next argues that he was deprived of a fair trial as a result of juror misconduct and certain statements made by the People. Although defendant's claims were not preserved by appropriate objection, addressing defendant's arguments in the interest of justice, we find them to be without merit. The comment of a potential juror, who was not placed on the jury, that his acquaintance with both defense counsel and the assistant district attorney would not affect his impartiality because he "dislike[d] them both about the same," does not require reversal. Further, to the extent that there was any error in the People's examination of defendant regarding his membership in a gang—which defendant denied—and his refusal to cooperate with correctional facility authorities on the day of the incident,

or in their reference to defendant's testimony regarding those questions and comments on the weapon during summation, such error was harmless in light of the overwhelming evidence of defendant's guilt (*see People v Nash,* 273 AD2d 696, 700 [2000]).

We have reviewed defendant's remaining contentions, including his arguments that he was denied the effective assistance of counsel and his sentence is harsh and excessive, and conclude that those arguments are without merit.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.