OPINION OF THE COURT
Dominic R. Massaro, J.
Defendant, Matthew Williams, was convicted of seven counts of promoting prostitution in the second degree (Penal Law § 230.30 [1]), and one count of rape in the third degree (Penal Law § 130.25 [3]). At sentencing, the New York City Depart *561 ment of Probation, pursuant to Criminal Procedure Law § 390.20 (1), filed with the court a presentence report in which it recommended that “defendant be sentenced to incarceration concurrent with and as a condition of probation.” The recommendation is rejected as it would constitute an illegal sentence.
Discussion
Penal Law § 65.00 (1) (a) provides that “[e]xcept as otherwise required by section 60.05, and except as provided by paragraph (b) hereof, the court may sentence a person to a period of probation upon conviction of any crime.”
Penal Law § 65.00 (1) (b) states, in pertinent part, “that the court shall not . . . impose a sentence of probation in any case where it sentences a defendant for more than one crime and imposes a sentence of imprisonment for any one of the crimes.” As further explained in the Practice Commentary, “Section 65.00 . . . precludes a sentence of probation ... if the court is sentencing the defendant for multiple crimes and imposes a sentence of imprisonment for any one of those crimes.” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 65, at 6 [2004].) Therefore, in the case at bar, as defendant is being sentenced for eight crimes, a sentence of probation is precluded.
In addition, Penal Law § 60.05 (4) states, in pertinent part, that “every person convicted of the class C felonies of . . . promoting prostitution in the second degree as defined in section 230.30 . . . must be sentenced to imprisonment in accordance with section 70.00.” Penal Law § 70.00 mandates indeterminate sentences of imprisonment for nonviolent felonies. As further explained in the Practice Commentary, “For a first felony offender convicted of . . . one of the ‘certain’ other class C felony offenses specified in Penal Law § 60.05(4), a sentence of imprisonment to state prison is mandated.” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 60, at 325 [2004]; see generally People v Lirio, 54 AD2d 732 [2d Dept 1976].) Therefore, as defendant is being sentenced for one of the crimes specified in subdivision (4) of Penal Law § 60.05, he must be sentenced to indeterminate terms of imprisonment, and not probation.
As such, the sentencing range for promoting prostitution in the second degree (Penal Law § 230.30 [1]), a nonviolent class C felony, is an indeterminate sentence of from 1 to 3 years to 5 to 15 years for a first felony offender such as defendant. The *562 sentencing range for rape in the third degree (Penal Law § 130.25), a nonviolent class E felony, is an indeterminate sentence of from 1 to 3 years to lVs to 4 years. However, for the third degree rape charge only, pursuant to Penal Law § 70.00 (4), if this court,
“having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that a sentence of imprisonment is necessary but that it would be unduly harsh to impose an indeterminate or determinate sentence, the court may impose a definite sentence of imprisonment and fix a term of one year or less.”
This is inapplicable here.
Although the court is cognizant of the large case load the Department of Probation handles, it is nevertheless troubled by this recommendation for an illegal sentence. Indeed, as the Practice Commentaries explain, the rationale for requiring a written presentence investigation prior to pronouncing sentence is to “give[ ] significance to the criminal conviction by expressing society’s condemnation of the offense together with an evaluation of all of the surrounding circumstances.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 390.20, at 218 [1994]; see also People v Bentley, 78 Misc 2d 578, 579 [Sup Ct, App Term, 2d Dept 1974] [“The presentence report requirement ‘is designed for the criminal justice process for the correctional process and society rather than for the convenience of the court, the prosecutor and the defendant’ ”].)
Conclusion
In a system of representative democracy, societal consensus is best expressed by legislative mandate. Here, the gravamen of the offenses for which defendant was found guilty is being directly controverted by the Department of Probation’s recommendation overlooking the mandate of the State Legislature vis-a-vis the necessity of incarceration. It follows that the recommendation must be, and is, rejected.*

 Defendant was subsequently sentenced on each of seven counts of promoting prostitution in the second degree to an indeterminate sentence of imprisonment of from 4 to 12 years, each to run concurrent to each other, and on one count of rape in the third degree to an indeterminate sentence of imprisonment of from lVs to 4 years, this to run consecutive thereto, for a total indeterminate sentence of imprisonment of from 5x/s to 16 years.