Breitel, J.
Defendant, in a proceeding in the nature of error coram nobis to vacate a judgment of conviction, appeals from the dismissal of his petition after hearing in County Court, and the affirmance of the dismissal by the Appellate Division. The issue was the voluntariness of defendant’s confession.
Defendant had been convicted after trial of grand larceny in the second degree and burglary in the third degree. He was sentenced in 1963 to a prison term of from five to six years. The Appellate Division affirmed the conviction and leave to appeal to this court was denied. Prior to the trial there had been a sanity bearing and on the trial the principal issue was that of defendant’s sanity.
The particular issue on the present appeal is whether defendant’s severe alcoholism and intoxication at the time he made confession to the police rendered his confession inadmissible as involuntary. Defendant, who is in his forties and has been a chronic alcoholic with a history of psychosis, had been at the time in question in a public bar in Rochester. Upon the trial it was not disputed that during his stay in the bar he sent for the police. After the police arrived he told them that he had burglarized certain premises and, when they disbelieved him, said that he had the proceeds of the burglary in a locker, to which he had the key, at the Greyhound bus station. The police and the defendant then went to the locker and found various items of property that had been taken from the burglarized premises.
Significant to the case is the fact that defendant’s statements to the police were made prior to arrest, on his own insistence, and to police officers for whom he had sent. On no view of the matter is it suggested that the police in any way, directly or indirectly, coerced the defendant, or that they engaged in any .other unfair methods. Rather, the issue tendered is that defendant was not capable of a “ voluntary ” confession because of bis evidently high degree of alcoholic intoxication at the time. The problem arises only from the several variant senses in which the word “ voluntary ” is used, and, perhaps, the looseness with which that term is often applied.
*304 On the coram nobis hearing the police testified with candor that defendant was intoxicated to an advanced degree when he spoke to them. One of the officers said that, in his opinion, defendant appeared to be on the verge of delirium tremens. Nevertheless, both officers testified that the defendant explained in meticulous and rational detail the commission of the burglary, the precise manner in which it had been accomplished, the particular property taken, and where the property was located. Subsequent investigation and location of the property verified defendant’s statements.
The record establishes that defendant, several days before his arrest, had been released from a hospital where he had been diagnosed as an alcoholic and a psychotic. Shortly after his arrest he was taken to the hospital in delirium tremens.
The record also establishes, and the coram nobis court found as a fact, that defendant was sufficiently ‘1 in touch with the realities of his situation ” when he made his confession so that one was entitled to accept it as reliable despite defendant’s evident advanced intoxication. Of course, too, the events subsequent to the confession amply confirmed the reliability of the confession.
The principal remaining question is whether alcoholic intoxication resulting from one’s voluntary intake of alcoholic drinks, without the suggestion or. persuasion of others, particularly officials, (most often referred to as self-induced intoxication) contributing perhaps to the fact that one makes a confession, should, as a matter of policy, preclude use of the confession. It is suggested that such a policy would be a bad one. There are many reasons why people are induced to make voluntary confessions and one must assume that no one confesses without some cause based on inner compulsion or the removal of customary inhibitions. In this case, of course, the intoxication and the history of alcoholism, as well as psychosis, make the circumstances limiting volitional competency much stronger than might be expected usually. Nevertheless, the exclusion of confessions, otherwise trustworthy, because of coercion or other unfairness was designed to prevent abuse of power by officials and not to protect proven wrongdoers from punishment. Where, on the other hand, the factors affecting volitional competency *305 make the confession untrustworthy, there is a different reason for its exclusion. Hence, when trustworthiness alone is involved, that is, volitional competency, it is quite relevant to look to subsequent events to confirm the reliability of the confession (Jackson v. Denno, 378 U. S. 368, 383-386).
All this is not to suggest that a confession made by one who is in a state of self-induced intoxication will always be admissible regardless of the degree of inebriation. In such cases the standard is whether the confession is reliable. For external policy reasons, in cases of coercion and cases in which the police are guilty of unfair tactics, the courts now invoke an exclusionary policy in disregard of internal evidence. In other cases the courts will look to all the facts and circumstances relevant to the ultimate question of whether the confession is worthy of belief. One of these factors is, of course, the degree of specific awareness of the particular facts or general understanding of the circumstances possessed by the eonfessant.
Lack of awareness or understanding alone might be sufficient to exclude a confession in the rare case where it clearly appears that at the time of the confession the eonfessant was so intoxicated as to lack mental capacity, that is, he was unable to appreciate the nature and consequences of his statements. This, no doubt, is the “mania” referred to in the older cases.
Another factor is whether the content of the statement was accurate; and accuracy may be tested by subsequent events.
The general rule applicable to confessions obtained from persons under intoxication has been well stated to the effect that “ proof that the accused was intoxicated at the time he confessed his guilt of crime will not, without more, bar the reception of the confession in evidence. But if it is shown that the accused was intoxicated to the degree of mania, or of being unable to understand the meaning of his statements, then the confession is inadmissible.” (Ann.: Intoxication of Accused at Time of Confession, 69 ALB 2d 361, 362, and see authorities collected, but, particularly, McAffee v. United States, 111 F. 2d 199, 204 [D. C. Cir.], cert. den. 310 U. S. 643; People v. Byrd, 42 Cal. 2d 200, 211, cert. den. 348 U. S. 848; Eiffe v. State, 226 Ind. 57, 62-63; State v. Thresher, 350 S. W. 2d 1, 8 [Mo.]; State v. Wise, 19 N. J. 59, 91; State v. Isom, 243 N. C. 164; cf. Doyon *306 v. Robbins, 322 F. 2d 486 [1st Cir.], cert. den. 376 U. S. 923; People v. Joyce, 233 N. Y. 61, involving a confessant of weak mind.)
The eases do not always make it clear that in the instance of self-induced intoxication the problem is really one of trustworthiness rather than of coercion or unfairness which will bar even truthful statements. They tend to lump all the categories under the name and concept of “ voluntariness ”. Nevertheless, the cases do stress that it is important and frequently critical whether the intoxication was self-induced or police-induced (69 ALR 2d, supra, pp. 368-369).
Wigmore made perhaps the most incisive analysis in this area. One must approach his statement with caution, however, because of his over-all view that all confessions, given testimonial competency, should .be admissible. This broad view is no longer acceptable, if it ever was, because current notions of unfairness and coercion preclude the use of confessions so obtained, however truthful or reliable (Jackson v. Denno, 378 U. S. 368, 376-377, supra). Thus, on the issue of self-induced intoxication as contrasted with police-induced intoxication, Wigmore had this to say: “ A confession made while intoxicated is governed by the general principle of testimonial capacity, and is therefore usually held admissible * * *; it is only where the intoxication is produced by a person desirous of obtaining a confession that its trustworthiness becomes really doubtful ” (3 Wigmore, Evidence [3d ed.], § 841, p. 282, emphasis in original; see, also, id., §§ 822, 856).
In connection, however, with his general theory of confessions, Wigmore states that the ‘1 fundamental theory upon which confessions become inadmissible is that when made under certain conditions they are untrustworthy as testimonial utterances ?? (§ 856, supra, p. 337, and see, also, § 822, p. 246). Consequently, he suggests that the doctrine of “confirmation by subsequent facts ” should be applied to all 'confessions for if untrustworthiness is the only danger, then the admission of evidence supporting the truth of the confession is both relevant and proper (§ 856, supra, p. 338).
Both the cases and Wigmore’s analysis, therefore, support a distinction between confessions made under self-induced intoxication and those, however truthful, coerced or the product of *307 police-induced intoxication. In the case of self-induced intoxication, the kind involved on this appeal, the criterion should be trustworthiness, rather than any automatic application of a degree of intoxication, in determining the admissibility of confessions. If trustworthiness is the criterion, then it is logical that the trustworthiness be testable by the content of the confession or evidence of subsequent events which confirm the reliability of the confession (see State v. Alexander, 215 La. 245, 249; State v. Bozarth, 361 S. W. 2d 819, 828 [Mo.]; State v. Wise, 19 N. J. 59, 91-92, supra; cf. Doyon v. Robbins, 322 F. 2d 486, 494 [1st Cir.], cert. den. 376 U. S. 923, supra; McAffee v. United States, 111 F. 2d 199, 203 [D. C. Cir.], cert. den. 310 U. S. 643, supra.) For a recent note recognizing that subsequent events may be used to confirm a noncoerced, not unfairly obtained, confession, see Developments-Gonfessions (79 Harv. L. Rev. 935, 968-969). In this case, of course, the contents of the confession and the events immediately following upon the confession provide the highest degree of confirmation of the truth of the confession.
Accordingly, the order of the Appellate Division should be affirmed.
Judges Van Vooritis, Burke, Scileppi, Bergan and Keating concur; Chief Judge Fuld concurs in result.
Order affirmed.