■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN CURETON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered April 29, 1985, convicting him of sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant alleged that while waiting for a bus to Lakeview at 11:00 P.M. on March 26, 1984, on Babylon Turnpike near Cumberland Avenue in Roosevelt, New York, the defendant, who appeared to be drunk, forced her into his car and sexually abused her. Not far from the scene where the complainant was pushed naked out of the car and her clothes were thrown out after her, the defendant was found nude in the vicinity of the vehicle that the complainant had described.

At trial, the defendant was found guilty of sodomy in the first degree, and was acquitted of rape in the first degree and of sexual abuse in the first degree. The jury could not reach a verdict on a fourth count, unlawful imprisonment in the second degree, which was dismissed.

On appeal the defendant contends that the oral statement he made to the police was involuntarily obtained while he was drunk and unclad, and that it should therefore have been

suppressed. The defendant's claim is without merit. At a pretrial hearing the court properly found that no threats, force, coercion or improper police conduct had prompted the defendant to make his statement. Further, it is well-settled law that self-induced intoxication alone will not render a confession inadmissible, unless it can be shown " 'that the accused was intoxicated to the degree of mania, or of being unable to understand the meaning of his statements' " *(People v Durante,* 48 AD2d 962, 963), or to the point where he has lost contact with reality *(People v Schompert,* 19 NY2d 300, *cert denied* 389 US 874). No such showing has been made in the instant case.

Nor did the defendant evince any signs of suffering from acute humiliation due to his lack of clothing, so as to prompt him to give an involuntary statement. The police had supplied the defendant with a large blanket with which to cover himself; and the fact that the defendant was relaxed enough to doze off on several occasions while in police custody is a strong indication that he was not motivated by any intense emotions or apprehensions.

The defendant next challenges the exclusion from evidence of the bus schedule in effect at the Babylon Turnpike stop on the night of March 26, 1984, to show that the last bus had departed long before the complainant arrived at the stop, on the theory that it would have been evidence addressing the pivotal issue of whether the complainant had in fact willingly accepted a ride from the defendant. However, the trial court properly excluded this extrinsic evidence on a collateral matter, which was sought to be introduced solely to impeach the complainant's credibility *(People v Schwartzman,* 24 NY2d 241, *cert denied* 396 US 846).

The defendant's contention that the jury's verdict convicting him of sodomy while acquitting him of rape and sexual abuse was against the weight of the evidence and should be set aside, is meritless. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, is primarily a question to be determined by the jury, which saw and heard the witnesses *(People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, we reject the defendant's contention that the sen-

tence imposed by the trial court was excessive. It is clear from the record that in imposing sentence the court properly considered the defendant's criminal history. Inasmuch as there was no abuse of discretion and neither a failure to observe sentencing principles nor a need to impose a different view of discretion from that of the sentencing Judge, the sentence should be affirmed *(People v Suitte,* 90 AD2d 80). Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.