■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PERRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered February 10, 1983, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, in part, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain inculpatory statements.

Ordered that the judgment is affirmed.

The record reveals that the defendant gave three separate statements to the police. The second statement, which was audiotaped, was suppressed by the hearing court on the ground that it was made involuntarily. On this appeal, the defendant's principal contention is that his first statement was involuntary because he was under the influence of consciousness-altering drugs (i.e., cocaine and alcohol). However, intoxication alone is insufficient to render a statement involuntary *(see, People v Roth,* 139 AD2d 605). Only where it is demonstrated that the defendant was intoxicated to a degree of mania or of being unable to understand the meaning of his statements is suppression warranted *(see, People v Cureton,* 139 AD2d 756; *People v Roth, supra).* Moreover, the hearing court's determination regarding the voluntariness of a statement is accorded great deference and will not be set aside on appeal unless clearly erroneous *(see, People v Roth, supra; People v Armstead,* 98 AD2d 726). In this case, the hearing court found that the detective who administered the *Miranda* warnings and took the statement was an "extremely competent, credible and capable detective". The detective testified that the defendant appeared normal at the time of questioning and did not convey the impression that he was under the influence of any drugs. Accordingly, we discern no basis in the record before us for disturbing the hearing court's determination that the first statement was given voluntarily.

We similarly reject the defendant's contention that his third inculpatory statement should have been suppressed because it was tainted by the involuntariness of his second statement. Where there is a definite, pronounced break between the making of two statements which is sufficient to remove any taint arising from the prior statement, the subsequent statement is properly admissible *(see, People v McIntyre,* 138 AD2d

634; *People v Steed,* 133 AD2d 433). In this case, there was a 3½-hour time lapse between the second and third statements, during which time the defendant received medical treatment for alleged withdrawal symptoms. In our view, the circumstances of this interval sufficed to purge the taint *(see, e.g., People v Mahoney,* 122 AD2d 815).

We have considered the defendant's remaining contentions and find them to be without merit *(see, People v Ranghelle,* 69 NY2d 56; *People v Donald,* 107 AD2d 818; *see also, People v Suitte,* 90 AD2d 80). Lawrence, J. P., Spatt, Sullivan and Balletta, JJ., concur.