■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY KNOWLIN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BROWN, Appellant.—Judgments, Supreme Court, New York County (Richard C. Failla, J.), rendered May 23, 1988, upon indictment number 10256/87, convicting defendants Mark Brown and Anthony Knowlin, upon their pleas of guilty, of robbery in the first degree (Penal Law § 160.15) and robbery in the second degree (Penal Law § 160.10), sentencing Mark Brown, as a predicate felon, to concurrent terms of imprisonment of 12 to 24 years and 7 to 14 years, respectively, and sentencing defendant Anthony Knowlin, as a predicate felon, to concurrent indeterminate terms of imprisonment of 8 to 16 years and 6 to 12 years, respectively, to run concurrently with sentences imposed upon him under indictment number 10257/87, unanimously affirmed.

Judgments of said court rendered May 23, 1988, after a jury trial upon indictment number 10257/87, convicting defendant Mark Brown of robbery in the second degree (Penal Law § 160.10) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40) and sentencing him as a predicate felon, to concurrent terms of imprisonment of 7 to 14 years and one year, respectively, to run consecutive to the sentence imposed upon him under indictment number 10256/87, and convicting defendant Anthony Knowlin of robbery in the second degree (Penal Law § 160.10) and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of 6 to 12 years to run concurrently with the sentence imposed upon him under indictment number 10256/87, unanimously affirmed.

The defendants were accomplices in the commission of two robberies. The first was committed during the early morning of October 30, 1987 in the Times Square area. Defendants were apprehended near the scene, immediately afterwards, and promptly identified by the victim. Following a *Wade* hearing, defendants' motion to suppress identification testimony was denied and both defendants pleaded guilty to robbery in the first and second degrees.

The second robbery occurred while defendants were in custody after their arrest on the first charges. Defendants "strong armed" a 57-year-old fellow prisoner who had been arrested on gambling-related charges, stole his ring and demanded money. Both defendants were convicted after trial of robbery and Mark Brown was convicted of criminal possession of stolen property in connection with this incident.

The separate "showup" identifications of defendants at the scene of the first robbery were prompt, confirmatory identifications which were not, under these circumstances, unduly suggestive. *(People v Riley,* 70 NY2d 523, 529 [1987].) Minor inconsistencies in the testimony of police witnesses at the *Wade* hearing do not vitiate the essential reliability of these identifications.

There was no violation of defendant Knowlin's constitutional right of confrontation when a witness to the second robbery, who was also incarcerated, when questioned as to whether he had committed the acts underlying the criminal charges pending against him, asserted his privilege against self-incrimination. *(People v Chin,* 67 NY2d 22 [1986].) The question was both collateral and cumulative. The subject related only to the witness's credibility, which was attacked upon cross-examination by other means.

Defendants' contention that evidence of uncharged crimes was improperly introduced is meritless. The evidence to which defendants refer is of their soliciting $5 from a witness to the second robbery and of defendants' offer of protection to the victim. These acts without more can hardly be characterized as criminal. This testimony provided background information and went to the witness's ability to identify defendants. Moreover, the court's offer to provide curative instructions was not pursued.

The *Rosario* violations claimed by defendant Knowlin are also without merit. Knowlin failed to demonstrate that the prosecutor had reduced an interview with a witness to writing or that the arresting officer, who provided the contents of the

typed complaint report, did so from a handwritten "scratch" copy of the report. Thus, no claim under *People v Ranghelle* (69 NY2d 56 [1986]) has been established. Since the typed report and memo book notes were disclosed, defendants were not deprived of potential impeachment material.

Knowlin was on notice prior to trial of the People's intent to offer evidence that he rather than Brown removed the victim's ring in the second robbery. Therefore, his motion for severance, made after most of the People's witnesses had testified, was untimely. *(See, People v Bornholdt,* 33 NY2d 75, 87-88 [1973], *cert denied sub nom. Victory v New York,* 416 US 905.) Nor did the motion have merit. The respective defenses of Knowlin and Brown were not so antagonistic or so irreconcilable as to create the likelihood of irreparable prejudice to either. *(Cf., People v Mahboubian,* 74 NY2d 174, 185 [1989].) Nor are we persuaded that defendant Brown's attorney, by opposing this application, rendered ineffective assistance of counsel.

Knowlin's challenges to the prosecutor's summation comments are unpreserved for review as a matter of law. (CPL 470.05 [2]; *People v Balls,* 69 NY2d 641, 642 [1986].) Nor do they warrant review in the interest of justice.

Finally, because defendant Brown's convictions arose from separate unrelated criminal acts, the imposition of consecutive sentences upon him was an appropriate exercise of discretion by the trial court. (Penal Law § 70.25.) Concur—Sullivan, J. P., Rosenberger, Asch, Ellerin and Smith, JJ.