■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BRODIE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered December 15, 1987, convicting him of murder in the second degree, manslaughter in the first degree, criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We find that the court did not err when it denied the defendant's motion for a *Wade* hearing. The denial of a formal *Wade* hearing was made only after the court heard testimony from an eyewitness that he had known the defendant by his nickname "I God" for about 4 or 5 years. The court also considered the defendant's contention that the eyewitness could not have known him well as the defendant had been incarcerated for a substantial portion of the 5-year period. After hearing the testimony of the eyewitness, the court

determined that the eyewitness had known the defendant for approximately four years prior to the commission of the crimes at bar. Consequently, the court ruled that there was no need for a formal *Wade* hearing concerning the photographic identification of the defendant by the eyewitness, as that identification was merely confirmatory. Issues of credibility are primarily for the hearing court and its findings should be upheld unless clearly erroneous *(see, People v Armstead,* 98 AD2d 726).

We also find that the trial court did not err in denying the defendant's pretrial motion for severance pursuant to CPL 200.40. It was not necessary for the trial court to sever the indictment in order to ensure that the defendant was availed of effective protection from cross-examination by his codefendants as to his criminal history. The trial court properly exercised its discretion by restricting the scope of such cross examination to "good faith questions" *(see, People v Williams,* 142 AD2d 310, 315).

We note that the defendant's claim that severance was required because the defense of the codefendant Arthur Brodie (whose appeal is decided herewith) was antagonistic to his defense, is unpreserved for appellate review. In any event, such contention is without merit *(see, People v Mahboubian,* 74 NY2d 174, 184-185; *see also, People v Brodie [Arthur],* 170 AD2d 518 [decided herewith]).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Bracken, J. P., Kunzeman, Eiber and O'Brien, JJ., concur.