■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRINCE SHABAZ, Also Known as PAUL RICHARDS, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered September 13, 1989, convicting him of murder in the second degree, attempted murder in the second degree, assault in the second degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain inculpatory statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The evidence adduced at trial established that, at approximately 9:20 P.M. on July 13, 1988, after ingesting cocaine, the defendant and the codefendant Kevin Carmichael became involved in an altercation with two other men in a park near the Red Fern Housing Project in Far Rockaway, Queens. In the course of the dispute, either the defendant or Carmichael shot one of the men in the hand with a handgun, and Carmichael received a bullet wound to the thigh. As the police arrived, the defendant and Carmichael jumped into a gray Toyota and drove away at high speed in the direction of Cross Bay Boulevard. After crashing into a toll booth while traveling at a speed ranging from 70 to 100 miles per hour and then careening onto the sidewalk several times, the defendant, who was driving, tried to squeeze through two rows of cars stopped at a red light at 158th Street and Cross Bay Boulevard. Instead, he hit one or more of the cars, ran over a pedestrian, killing him, and struck another car, injuring its driver, before coming to a stop in the middle of the intersection. Carmichael was arrested at the scene, but the defendant scaled a nearby fence and jumped into a canal. After swimming the length of

several blocks, the defendant was apprehended and pulled out of the water. Several hours later, the defendant made three successive statements at the 106th Precinct.

There is no merit to the defendant's contention on appeal that his statements to the police should have been suppressed because he was suffering from cocaine intoxication and/or exhaustion at the time that he allegedly waived his *Miranda* rights. The hearing court's determination regarding the voluntariness of a statement is accorded great deference and will not be set aside on appeal unless it is clearly erroneous *(see, People v Perry,* 144 AD2d 706). The hearing court's determination that the defendant's three statements were voluntarily given, after a knowing waiver of his constitutional rights, is by no means "clearly erroneous". On the contrary, there is no indication that the defendant was "intoxicated to the degree of mania, or of being unable to understand the meaning of his statements" *(People v Schompert,* 19 NY2d 300, 305, *cert denied* 389 US 874; *People v Williams,* 147 AD2d 515; *People v Perry, supra).* In addition, the defendant's three statements are consistent with one another and exhibit a high degree of "specific awareness of the particular facts [as well as a] general understanding of the circumstances" *(People v Schompert, supra,* at 305) in which the defendant found himself. The defendant's further argument, that he was too exhausted to know what he was doing, was not raised at the hearing. The defendant may not retroactively apply trial evidence to challenge the suppression decision and to support a contention on appeal which, in any event, is not substantiated by the record *(see, People v Gonzalez,* 55 NY2d 720, *cert denied* 456 US 1010).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). According to Penal Law § 125.25 (2), a person is guilty of murder in the second degree when, "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person" (Penal Law § 125.25 [2]). A finding of guilt will be sustained where, with some knowledge of the peril, the defendant behaves with recklessness, "the same mental state required for manslaughter, second degree" *(People v Roe,* 74 NY2d 20, 24), and where "the objective circum-

stances bearing on the nature of the defendant's reckless conduct are such that the conduct creates a very substantial risk of death" *(People v Roe, supra,* at 24). Generally, the assessment of whether the risk of death is great enough to elevate the defendant's reckless behavior to the level of "depraved indifference murder", is a "qualitative judgment to be made by the trier of the facts" *(People v Roe, supra,* at 25; *People v Register,* 60 NY2d 270, 274, *cert denied* 466 US 953). Here, the evidence overwhelmingly supports the jury's conclusion that the defendant acted with depraved indifference to human life when, under the influence of cocaine, he drove at 70 to 100 miles per hour through a narrow aperture between two rows of cars stopped at a red light, despite the peril to the occupants of the cars and to any pedestrians in the roadway.

There is also no merit to the defendant's suggestion that the court illegally imposed consecutive sentences for his convictions of murder in the second degree and assault in the second degree. Pursuant to Penal Law § 70.25 (2), sentences must run concurrently "[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses, and also was a material element of the other" (Penal Law § 70.25 [2]). At bar, there are two separate victims—the deceased pedestrian and the injured driver. There is no overlap in the elements of these two crimes: one involves depraved indifference or reckless murder, while the other, as charged in the indictment and as submitted to the jury, is an assault committed during the defendant's flight from the scene of the attempted murder of the man in the park. While the defendant hit both victims with the car he was driving, there were nevertheless two separate "acts" or collisions resulting in separate injuries to the two victims *(cf., People v Brathwaite,* 63 NY2d 839; *People v Scandell,* 143 AD2d 423, *cert denied* 489 US 1080; *People v Boo Wat Cheung,* 141 AD2d 556).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Eiber and O'Brien, JJ., concur.