■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MICELI, Appellant. [605 NYS2d 407] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered November 5, 1984, convicting him of attempted murder in the first degree, attempted murder in the second degree, robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's motion to be tried separately from his codefendant, made after several of the People's witnesses had testified, was untimely, inasmuch as, prior to trial, the defendant had knowledge of the People's intent to introduce the information which formed the basis of the severance motion (see, People v Bornholdt, 33 NY2d 75, 87-88, cert denied sub nom. Victory v New York, 416 US 905; People v Knowlin, 162 AD2d 333, 335). In any event, the court properly exercised its discretion in denying the motion relating to this lengthy trial, since "the defendants [were] charged with acting in concert" (People v Mahboubian, 74 NY2d 174, 183), "proof against the defendants [was] supplied by the same evidence" (People v Bornholdt, supra, at 87), and the risk of prejudice to the defendant by reason of being tried with his codefendant was minimal.

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.