■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW PHILIP, Appellant. [613 NYS2d 649] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered September 12, 1991, convicting him of burglary in the first degree, robbery in the first degree, criminal possession of a weapon in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's moving papers, on their face, did not show the existence of an unexcused delay greater than six months. Therefore, the Supreme Court properly refused to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial (CPL 30.30 [1], [4] [a], [d]; see generally, People v Santos, 68 NY2d 859). Moreover, the defendant failed to demonstrate that he was deprived of his constitutional right to a speedy trial, specifically that he suffered any prejudice resulting from the delay (see, Barker v Wingo, 407 US 514, 530; People v Taranovich, 37 NY2d 442; People v Penna, 203 AD2d 392).

The defendant's severance motion was untimely (CPL 255.10 [1] [g]; 255.20 [2]), and he did not demonstrate "good cause" for the untimeliness (CPL 255.20 [3]; see, People v Doby, 178 AD2d 427). In any event, as the defendant and the codefendant were charged with "acting in concert" in committing most of the offenses charged, the proof against the defendants was supplied by the same evidence and all of the offenses charged were based upon the same criminal transaction, the trial court properly denied the defendant's motion for a separate trial (CPL 200.40 [1] [a], [c]; see, People v Mahboubian, 74 NY2d 174; People v Bornholdt, 33 NY2d 75, 87, cert denied sub nom. Victory v New York, 416 US 905; People v Miceli, 199 AD2d 542). Moreover, the defendant did not demonstrate that his defense and that of the codefendant were in "irreconcilable conflict" (People v Mahboubian, supra, at 184; see also, People v Santiago, 204 AD2d 497), and the fact that the defendant could have been cross-examined by the codefendant regarding his prior convictions was not sufficient to warrant severance in this case (see, People v Brodie, 170 AD2d 519, 520).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find that they are without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.