■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAM RODRIGUEZ, Appellant. [619 NYS2d 581] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered February 26, 1992, convicting him of criminal possession of forgery devices (fifteen counts), criminal possession of a forged instrument in the second degree (eleven counts), and stolen property in the fifth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion when it refused to sever his trial from that of his codefendant. The defenses of the defendant and his codefendant were irreconcilable. Nevertheless, there was substantial independent evidence of the defendant's guilt and no significant danger that the conflict alone would lead the jury to infer the defendant's guilt *(see, People v Cruz,* 66 NY2d 61, *revd and remanded on different grounds* 481 US 186, *on remand* 70 NY2d 733; *People v Payne,* 35 NY2d 22; *see also, People v Mahboubian,* 74 NY2d 174). Nor was the defendant's right to confront the codefendant or his right to testify prejudiced by the trial court's rulings *(see, People v McGee,* 68 NY2d 328; *People v Williams,* 142 AD2d 310; *see also, People v Brodie,* 170 AD2d 519).

Finally, the defendant's right to be present at all material stages of the proceedings against him *(see,* CPL 260.20; *People v Antommarchi,* 80 NY2d 247) was not violated. He was not entitled to be present at a conference conducted by the trial court, in the presence of counsel, with a juror who sought to be excused because of employment commitments, because it did not effect his ability to defend himself *(see, e.g., People v Aguilera,* 82 NY2d 23; *see also, People v Velasco,* 77 NY2d 469). Thompson, J. P., Balletta, Rosenblatt and Florio, JJ., concur.