■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK STERLING, Appellant. [619 NYS2d 448] —Judgment unanimously affirmed. Memorandum: Defendant argues that Supreme Court erred in denying his pretrial motion to exclude from trial his statements to the police on the ground that they were the product of hypnosis and therefore unreliable *(see, People v Schreiner,* 77 NY2d 733; *People v Hults,* 76 NY2d 190; *People v Hughes,* 59 NY2d 523). He further argues that the court erred in refusing his request, with respect to the voluntariness of his statements *(see,* CPL 710.70 [3]), to charge the jury to disregard them unless they found beyond a reasonable doubt that the statements were not generated by hypnosis. He argues that a statement induced by hypnosis is obtained in violation of his due process rights pursuant to CPL 60.45 (2) (b) (ii) because there is a "substantial risk that the defendant will make an unreliable admission."

Defendant's argument confuses voluntariness and reliability, which are separate concepts *(see, e.g., People v Schompert,* 19 NY2d 300, 306-307, *cert denied* 389 US 874). Hypnosis relates to the reliability of a statement *(People v Hughes, supra),* not voluntariness.

The court properly determined that, insofar as defendant sought to preclude use of his statements at trial on the ground that they had been generated by hypnosis, the motion was not one to suppress pursuant to CPL 710.30, but was a motion *in limine.* The evidence at the hearing supports the conclusion that defendant failed to prove that the state he achieved by use of a relaxation technique learned from a friend constituted hypnosis. CPL 60.45 (2) (b) (ii) authorizes jury consideration of constitutional arguments traditionally associated with voluntariness of a confession, i.e., *Miranda* and Fifth Amend-

ment arguments *(see, People v Conklin,* 145 AD2d 20, 24, *lv denied* 74 NY2d 738) and is not applicable here.

We have reviewed defendant's remaining argument and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Balio, Callahan and Davis, JJ.