■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS HERNANDEZ, Appellant. [688 NYS2d 185] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered December 2, 1997, convicting

him of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the third degree, auto stripping in the second degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the Supreme Court improvidently exercised its discretion when it denied his motion pursuant to CPL 200.40 to sever his trial from that of his codefendant. The defendant argued that he and his codefendant would present irreconcilable defenses and that there was a significant probability that he would be prejudiced during cross-examination by his codefendant, who would not be circumscribed by the court's *Sandoval* ruling (*see, People v Mahboubian,* 74 NY2d 174; *People v McGee,* 68 NY2d 328). However, " 'where proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance' " (*People v Mahboubian, supra,* at 183; *People v Thomas,* 197 AD2d 719). Contrary to the defendant's arguments on appeal, the record does not reveal an irreconcilable conflict between his defense and that of his codefendant such that the conflict alone would have led the jury to infer the defendant's guilt (*see, People v Mahboubian, supra*).

The defendant failed to preserve for appellate review his argument concerning his cross-examination by his codefendant by making timely, specifically tailored objections during trial seeking limitations on the scope of cross-examination, and we decline to reach this issue in the exercise of our interest of justice jurisdiction (*see, People v Philip,* 205 AD2d 714; *People v Brodie,* 170 AD2d 519; *People v Williams,* 142 AD2d 310). Ritter, J. P., Altman, Friedmann and Goldstein, JJ., concur.