■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SHIELDS, Appellant. [742 NYS2d 909] —Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered December 4, 2000, convicting him of murder in the second degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that his waiver of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436) and his consent to search his residence were rendered ineffective by intoxication is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245), because the defendant withdrew his objection to the admission of his statements to law enforcement officials and certain physical evidence seized from his residence. In any event, his claim is without merit. The evidence at the suppression hearing failed to establish that the defendant was "intoxicated to the degree of mania, or of being unable to understand the meaning of his statements" (*People v Schompert,* 19 NY2d 300, 305, *cert denied* 389 US 874 [internal quotation marks omitted]; *People v Shabaz,* 173 AD2d 498, 499).

Additionally, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Ritter, J.P., Krausman, Friedmann and Luciano, JJ., concur.