■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BENJAMIN, Appellant. [793 NYS2d 547]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered February 11, 2004, convicting him of attempted burglary in the second degree and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that his statements to law enforcement officials were rendered involuntary as a result of his intoxication is without merit. Intoxication alone is insufficient to render a statement involuntary (*see People v Roth*, 139 AD2d 605, 606 [1988]). Only where it is demonstrated that the defendant was intoxicated to a degree of mania or of being unable to understand the meaning of his statements is suppression warranted (*see People v Schompert*, 19 NY2d 300, 305 [1967], *cert denied* 389 US 874 [1967]; *People v Shields*, 295 AD2d 374 [2002]; *People v Perry*, 144 AD2d 706 [1988]; *People v Roth, supra*). In this case, the evidence failed to establish that the defendant was intoxicated to such a degree.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Santos*, 86 NY2d 869 [1995]; *People v Carranza*, 306 AD2d 351 [2003], *affd* 3 NY3d 729). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Adams, J.P., S. Miller, Crane and Mastro, JJ., concur.