■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES RAFFAELE, Appellant. [841 NYS2d 311]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (West, J.), rendered March 5, 2003, convicting him of manslaughter in the first degree, after a nonjury trial, and imposing sentence. The appeal brings up for review, inter alia, the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that his waiver of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]) was rendered ineffective by intoxication is without merit. "The evidence at the suppression hearing did not support the conclusion that [at the time the defendant was advised of and waived his *Miranda* rights, he] was 'intoxicated to the degree of mania, or of being unable to understand the meaning of his statements' " (*People v Ginsberg,* 36 AD3d 627, 628 [2007], quoting *People v Schompert,* 19 NY2d 300, 305 [1967]; *see People v Shields,* 295 AD2d 374 [2002]; *People v Morales,* 228 AD2d 525 [1996]; *People v Shabaz,* 173 AD2d 498, 499 [1991]).

The defendant contends that the People failed to prove his guilt by legally sufficient evidence because his intoxication rendered him incapable of forming the requisite criminal intent (*see* Penal Law § 15.25). This contention is unpreserved for appellate review because the defendant did not raise this claim with specificity in his motion for a trial order of dismissal (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, the general rule is that an intoxicated person can form the requisite criminal intent to commit a crime, and it is for the factfinder to determine if the extent of the intoxication negated the element of intent (*see People v LaGuerre,* 29 AD3d 820, 822 [2006]; *People v Conley,* 11 AD3d 706, 708 [2004]; *People v Gonzalez,* 6 AD3d 457 [2004]; *People v Jagoo,* 2 AD3d 750 [2003]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 644-645 [2006]).

The defendant's remaining contention, relating to the trial court's admission of statements the victim made to police officers and medical personnel, is unpreserved for appellate review and, in any event, without merit. Miller, J.P., Ritter, Santucci and Florio, JJ., concur.