■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY WILLIFORD, Appellant. [839 NYS2d 227]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered September 9, 2003, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The trial court did not err in denying the motion to sever the trial of the defendant and his codefendants (*see People v Cardwell,* 78 NY2d 996 [1991]; *People v Mahboubian,* 74 NY2d 174, 183 [1989]; *People v Peisahkman,* 29 AD3d 352 [2006]; *People v Castro,* 291 AD2d 292 [2002]). Contrary to the defendant's assertion, the record does not reveal an irreconcilable conflict between his defense and his codefendants' defenses such that the conflict alone would have led the jury to infer the defendant's guilt (*see People v Hernandez,* 260 AD2d 399, 400 [1999]; *cf. People v Mahboubian, supra*).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19-21 [1995]; *People v Leon,* 19 AD3d 509 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

Viewing the totality of the evidence, the law, and the circumstances of this case, we find that the defendant received meaningful representation from his trial counsel (*see People v Caban,* 5 NY3d 143, 153 [2005]; *People v Benevento,* 91 NY2d 708, 712-713 [1998]).

The defendant's claim that his sentence was based on improper criteria is unpreserved for appellate review and, in any event, is without merit. Further, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions raised in point I of his brief regarding the hearing court's determination, and in point IV of his brief regarding the hearing court's conduct, are unpreserved for appellate review and, in any event, are without merit. Florio, J.P., Fisher, Carni and McCarthy, JJ., concur.