■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY FELDER, Appellant. [846 NYS2d 915]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered May 19, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in denying the motion to sever the trial of the defendant and his codefendant Anthony Ryans (*see People v Cardwell*, 78 NY2d 996 [1991]; *People v Mahboubian*, 74 NY2d 174, 183 [1989]). Contrary to the defendant's assertion, the record does not reveal an irreconcilable conflict between his defense and his codefendant's defense such that the conflict alone would have led the jury to infer the defendant's guilt (*see People v Williford*, 42 AD3d 507, 508 [2007]; *People v Hernandez*, 260 AD2d 399, 400 [1999]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]; *People v Leon*, 19 AD3d 509, 509-510 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,*

90 AD2d 80 [1982]). Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur.