THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WILLIAMS, Appellant. [852 NYS2d 298]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered July 30, 2003, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the second degree, upon a jury verdict, and sentencing him, as a second violent felony offender, to a determinate term of 18 years' imprisonment on the conviction of robbery in the first degree, a determinate term of 15 years' imprisonment on the conviction of robbery in the second degree, and an indeterminate term of 5 to 15 years' imprisonment on the conviction of grand larceny in the second degree.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The trial court did not err in denying the defendant's motion to sever his trial from that of one of his codefendants (*see People v Cardwell,* 78 NY2d 996 [1991]; *People v Mahboubian,* 74 NY2d 174, 183 [1989]). Contrary to the defendant's contention, the record does not reveal an irreconcilable conflict between his defense and his codefendant's defense such that the conflict alone would have led the jury to infer the defendant's guilt (*see People v Mahboubian,* 74 NY2d 174 [1989]; *People v Hernandez,* 260 AD2d 399, 400 [1999]).

The defendant's argument regarding alleged improper comments by the prosecution during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Tonge,* 93 NY2d 838 [1999]; *People v Dien,* 77 NY2d 885 [1991]). In any event, the challenged comments were either responsive to the arguments made in the defense counsel's summation (*see People v Galloway,* 54 NY2d 396 [1981]), or fair comment on the evidence (*see People v Johnson,* 3 AD3d 581 [2004]; *People v Adamo,* 309 AD2d 808 [2003]).

The defendant contends that he was improperly sentenced as a second violent felony offender because the sentence on his predicate violent felony conviction was imposed more than 10 years before the commission of the instant offense (*see* Penal Law § 70.04 [1] [b] [iv]), and the prosecution failed to meet its burden of showing that the 10-year period was tolled by other periods of incarceration (*see* Penal Law § 70.04 [1] [b] [v]). Specifically, the defendant argues that a 212-day period should not have been used to toll the 10-year period, because he was incarcerated during that time for a crime of which he was ultimately acquitted (*see People v Dozier*, 78 NY2d 242, 250 [1991]; *People v Beard*, 143 AD2d 101, 102 [1988]). According to the defendant, the prosecution failed to explain how those "212 days were apportioned between the assault on an inmate versus the crime for which [the defendant] had been acquitted." As the People correctly concede, the record on this point is incomplete. Thus, although this contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Proctor*, 79 NY2d 992 [1992]; *People v Cruz*, 28 AD3d 675 [2006]; *People v Csoke*, 11 AD3d 631 [2004]; *People v Alston*, 289 AD2d 339 [2001]), we reach it in the exercise of our interest of justice jurisdiction (*see People v Murdaugh*, 38 AD3d 918, 919 [2007]). Since the record reveals that the defendant's adjudication as a second violent felony offender may have been improper, we remit the matter to the Supreme Court, Kings County, for a hearing on this issue and for resentencing thereafter.

The defendant's remaining contentions are without merit. Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.