■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCO HERNANDEZ, Appellant. [889 NYS2d 218]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered January 26, 2007, convicting him of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

We find no basis to disturb the hearing court's determination that the defendant knowingly, voluntarily, and intelligently waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]). In particular, "[i]ntoxication alone is insufficient to render a statement involuntary. Only where it is demonstrated that the defendant was intoxicated to a degree of mania or of being unable to understand the meaning of his statements is suppression warranted" (*People v Benjamin*, 17 AD3d 688 [2005] [citations omitted]; *see People v Schompert*, 19 NY2d 300, 305 [1967], *cert denied* 389 US 874 [1967]; *People v Ginsberg*, 36 AD3d 627 [2007]). Here, the evidence failed to establish that the defendant was intoxicated to such a degree. Moreover, the evidence supported the hearing court's determination that the

defendant appreciated the immediate import of the *Miranda* warnings (*see People v Williams,* 62 NY2d 285, 290 [1984]; *People v Hernandez,* 46 AD3d 574, 575-576 [2007]).

The trial court did not err in denying the defendant's motion to sever his trial from that of his codefendant. " '[W]here proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance' " (*People v Mahboubian,* 74 NY2d 174, 183 [1989], quoting *People v Bornholdt,* 33 NY2d 75, 87 [1973], *cert denied* 416 US 905 [1974]). Here, contrary to the defendant's contention, the record does not reveal an irreconcilable conflict between his defense and his codefendant's defense such that the conflict alone would have led the jury to infer the defendant's guilt (*see People v Williams,* 48 AD3d 715 [2008]; *People v Hernandez,* 260 AD2d 399, 400 [1999]).

The defendant's request for a missing witness charge was untimely (*see People v Woods,* 275 AD2d 332, 333 [2000]). In any event, the Supreme Court properly denied that request (*see People v Smith,* 49 AD3d 904 [2008]; *People v Herrera,* 285 AD2d 613, 614 [2001]; *People v Cephas,* 207 AD2d 903, 904 [1994]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 638 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 85-86 [1982]). Prudenti, P.J., Skelos, Covello and Austin, JJ., concur.