■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS JOHNSON, Appellant. [916 NYS2d 510]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered April 21, 2009, convicting him of assault in the first degree, criminal possession of a weapon in the third degree, aggravated driving while intoxicated, driving while intoxicated, and failing to stay in designated lane, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hudson, J.), of that branch of the defendant's omnibus motion which was to suppress his written statement to law enforcement personnel.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress his written statement to law enforcement personnel. It is well settled that intoxication alone is insufficient to render a waiver of *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) invalid and a resultant statement involuntary (*see People v Benjamin*, 17 AD3d 688, 689 [2005]; *People v Shields*, 295 AD2d 374 [2002]). The evidence was insufficient to establish that the defendant was intoxicated "to a degree of mania or of being unable to understand the meaning of his statements" so as to render his statement involuntary (*People v Benjamin*, 17 AD3d at 689; *see People v Raffaele*, 41 AD3d 869, 869 [2007]; *People v Schompert*, 19 NY2d 300, 305 [1967], *cert denied* 389 US 874 [1967]; *People v Shields*, 295 AD2d at 374; *People v Jordan*, 216 AD2d 489, 490 [1995]).

Contrary to the defendant's contention, defense counsel's failure to request a jury charge regarding the voluntariness of his statement to the police did not, under the circumstances, deprive the defendant of his right to effective assistance of counsel (*see People v Herr*, 203 AD2d 927, 927-928 [1994], *affd* 86 NY2d 638 [1995]; *see generally People v Stultz*, 2 NY3d 277, 287 [2004]).

The defendant's contention that certain allegedly improper comments made by the prosecutor during his summation

deprived the defendant of his right to a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Garcia*, 52 AD3d 734 [2008]). In any event, the challenged comments were fair comment on the evidence, permissible rhetorical comment, or responsive to defense counsel's summation (*see People v Gillespie*, 36 AD3d 626, 627 [2007]; *People v McHarris*, 297 AD2d 824, 825 [2002]).

Contrary to the defendant's contention, under the circumstances, the County Court's determination to admit into evidence a photograph depicting the victim's injury did not deprive the defendant of his right to a fair trial (*see People v Stevens*, 76 NY2d 833, 835-836 [1990]; *People v Walsh*, 294 AD2d 519, 520 [2002]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.