■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENZIE JOHNSON, Appellant. [50 NYS3d 543]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cyrulnik, J.), rendered December 16, 2013, convicting him of burglary in the first degree (three counts), robbery in the first degree (six counts), criminal pos-

session of a weapon in the second degree (two counts), assault in the second degree, sexual abuse in the first degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and sentencing him to (1) concurrent determinate terms of imprisonment of 17 years followed by 5 years of postrelease supervision on each conviction of burglary in the first degree and robbery in the first degree, a concurrent determinate term of imprisonment of 4 years followed by 3 years of postrelease supervision on the conviction of assault in the second degree, and a concurrent definite term of imprisonment of 1 year on the conviction of criminal possession of stolen property in the fifth degree, (2) determinate terms of imprisonment of 7 years followed by 5 years of postrelease supervision on each conviction of criminal possession of a weapon in the second degree, to run concurrently with each other and consecutively to the other sentences, and (3) a determinate term of imprisonment of 7 years followed by 5 years of postrelease supervision on the conviction of sexual abuse in the first degree, to run consecutively to the other sentences. The appeal brings up for review the denial, after a hearing (Gary, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony, physical evidence, and his statements to law enforcement officials.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed on the convictions of criminal possession of a weapon in the second degree shall run concurrently with all other sentences; as so modified, the judgment is affirmed.

A police officer who reasonably suspects an individual has committed, is committing, or is about to commit a felony or misdemeanor may stop and briefly detain that individual for questioning (*see People v Shuler*, 98 AD3d 695, 696 [2012]). Reasonable suspicion is defined as "that 'quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand' " (*People v Martinez*, 80 NY2d 444, 448 [1992], quoting *People v Cantor*, 36 NY2d 106, 112-113 [1975]). Here, when the defendant was stopped by the police, standing alone in a third-floor hallway of a building where a home invasion had occurred on an upper floor, the police had sufficient grounds to form a reasonable suspicion that he had been one of the perpetrators of the home invasion. The circumstances surrounding the stop, namely, the temporal proximity of the stop to the reported crime, the defendant's geographical proximity to the scene of the reported crime, the defendant's presence in a location that

matched the reported direction in which the suspects had fled, the wet stain on the defendant's sweat pants that appeared to be blood, and the defendant sweating profusely while wearing only a T-shirt in December, provided the police with the requisite reasonable suspicion to justify the defendant's stop (*see People v Gil*, 21 AD3d 1120 [2005]; *People v Holland*, 4 AD3d 375 [2004]). Further, the showup procedure in close temporal and geographic proximity to the crime was not unduly suggestive (*see People v Johnson*, 81 NY2d 828, 831 [1993]; *People v Brown*, 106 AD3d 756, 757 [2013]). Accordingly, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress identification testimony, physical evidence, and his statements to law enforcement officials.

The defendant argues that defense counsel was ineffective because he, among other things, failed to request a jury charge as to the voluntariness of the defendant's statements to the police and failed to object to the adverse inference charge given by the Supreme Court. We disagree. Since the defendant testified at trial and denied making any statements to the police, defense counsel's failure to raise an inconsistent argument may have had a strategic basis (*see People v Moore*, 66 AD3d 707, 711 [2009]). Further, the court was correct in instructing the jury that they did not have to draw an adverse inference if they accepted that certain physical evidence had been destroyed during Hurricane Sandy (*see People v Daly*, 140 AD3d 593 [2016]; *People v Hester*, 122 AD3d 880 [2014]). Moreover, it is not error for defense counsel to fail to make futile motions or objections (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Johnson*, 81 AD3d 745 [2011]). It appears from the record that the defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Thomas*, 143 AD3d 1006 [2016]).

Contrary to the defendant's contention, his conviction of assault in the second degree (Penal Law § 120.05 [6]) is not an inclusory concurrent count of his conviction of burglary in the first degree (Penal Law § 140.30 [2]; *see People v Ali*, 89 AD3d 1417 [2011]; *People v Curella*, 296 AD2d 578 [2002]).

The sentence was excessive to the extent indicated herein (*see People Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.