People v Sosa (2022 NY Slip Op 04823)

People v Sosa

2022 NY Slip Op 04823

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
SHERI S. ROMAN
JOSEPH J. MALTESE, JJ.

2017-10112
 (Ind. No. 255/16)

[*1]The People of the State of New York, respondent, 
v
Gerson Sosa, appellant.

Salvatore C. Adamo, New York, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (David S. Zuckerman, J.), rendered August 22, 2017, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kevin Russo, J.), of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.
ORDERED that the judgment is affirmed.
We reject the defendant's contention that the County Court should have suppressed an incriminatory statement he made to law enforcement officials. A review of the totality of the circumstances (see People v Mateo, 2 NY3d 383, 413; People v Anderson, 42 NY2d 35, 38) demonstrates that the defendant's oral statement, which was made after he was informed of, and waived, his Miranda rights (see Miranda v Arizona, 384 US 436), was voluntary (see CPL 60.45[1]; People v Mateo, 2 NY3d at 414; People v Huntley, 15 NY2d 72). Moreover, while intoxication or the influence of narcotics are factors to be considered when determining voluntariness, such a condition typically will not render a statement involuntary unless it "is demonstrated that the defendant was intoxicated to a degree of mania or of being unable to understand the meaning of his statements" (People v Martinez, 164 AD3d 1260, 1261 [internal quotation marks omitted]), and, here, there was no evidence that the defendant was intoxicated to such a degree. Accordingly, that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials was properly denied (see People v Hernandez, 67 AD3d 820, 820; People v Benjamin, 17 AD3d 688, 689).
Further, the County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) was a provident exercise of its discretion (see People v Walker, 83 NY2d 455; People v Williams, 213 AD2d 689). The fact that several of the defendant's convictions were more than 10 years old does not, in and of itself, require the preclusion of those convictions for purposes of impeachment (see People v Townsend, 70 AD3d 982, 982; People v Springer, 13 AD3d 657, 658).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt [*2]beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d at 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 638).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DILLON, J.P., CONNOLLY, ROMAN and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court